WHIPPLE, Judge.
12This case is before us on appeal from a judgment in favor of defendant, National Maintenance Corporation (NMC), and against plaintiff, Lionel A. Lambert, Sr., dismissing plaintiffs claim for worker’s compensation benefits with prejudice. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On December 23,1993, plaintiff, represented by Raymond C. Vinet, filed a Disputed Claim for Compensation Benefits (form LDOL-WC-1008) with the Office of Workers’ Compensation Administration. Plaintiff alleged that he had sustained injuries as a result of an on-the-job accident on October 10, 1991. He further alleged that he had been under the care of Dr. Kathryn Frey, but had continued to work until June 23, 1993, when Dr. Frey opined that plaintiff was *823 totally disabled. On January 21, 1994, NMC filed an answer denying plaintiffs assertions. By amended answer, NMC contended that plaintiffs claim for compensation benefits was prescribed.
A pre-trial conference was set for March 1, 1994. Plaintiff and defendant filed pre-trial statements. At some point thereafter, Mr. Vinet withdrew as counsel of record for plaintiff.
On January 4, 1995, NMC filed a motion and order requesting dismissal of plaintiffs claim. In support of its motion, NMC noted that trial had been set for August 24, 1994, but continued because plaintiff had not retained a new attorney. NMC averred that plaintiff was no longer represented by counsel and that “despite repeated requests, claimant has not retained any counsel, and that this matter needs ongoing discovery which cannot be undertaken due to the lack of cooperation from plaintiff and lack of enrollment of new counsel for claimant....” On the same day, the hearing officer signed an order dismissing plaintiffs claim, with prejudice, “for failure to proceed in the prosecution of the case.”
Following this action by the hearing officer, plaintiff, through his new attorney, filed a motion for reconsideration. The hearing officer denied the motion, making the |3following handwritten notation: “Claimant had over 6 [months] to obtain counsel or at least cooperate with defendant on discovery.” Plaintiff appeals.
DISCUSSION
Plaintiff contends on appeal that the hearing officer erred in dismissing his claim for compensation benefits with prejudice. We agree.
LSA-R.S. 23:1310.1(C) provides as follows:
C. The director shall have the authority to adopt reasonable rules and regulations, including the rules of procedure before the hearing officers, according to the procedures established by the Administrative Procedure Act. All rules and regulations, properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Worker’s Compensation Law and shall be binding in the administration of that law. (Footnote omitted.)
Pursuant to this statute, the Louisiana Department of Labor, Office of Workers Compensation, adopted hearing rules which are contained in Title 40, Part I, Chapter 21 of the Louisiana Administrative Code. LAC 40:XXI.2101 states the purpose of the hearing rules, as follows:
[T]o govern the practice and procedures before the Workers’ Compensation Court which is a statewide court having jurisdiction of claims for workers’ compensation benefits, the controversion of entitlement to benefits and other relief under the workers’ compensation act. These rules are designed to facilitate the equitable, expeditious and simple resolution of workers’ compensation disputed claims filed with the Court.
LAC 40:XXI.2139 addresses dismissal of claims for failure to prosecute, and provides, in pertinent part, that:
A claim may be dismissed by the Workers’ Compensation Court for lack of prosecution for the following reasons:
⅜ ⅜ ⅜ ⅜ ⅝ ⅝:
3) Where a cause has been pending six (6) months without proceedings being taken within such period. This provision shall not apply if the cause is awaiting action by the Workers’ Compensation Court;
* * * * * *
Dismissal under this Rule shall be without prejudice. The Order of Dismissal shall allow for reinstatement of the action within thirty (30) days for good cause shown.
^Considering these provisions, we find that the hearing officer erred in dismissing plaintiffs claim for workers’ compensation benefits. First, we cannot find from the record that plaintifPs claim had been pending for six months without proceedings being taken. The parties do not dispute that trial was set for August 24, 1994, but continued because plaintiff was not represented by counsel. The motion for dismissal was filed on January 4, 1995. Clearly, six months had not *824 lapsed between the continuance of trial and the order of dismissal. Furthermore, even assuming arguendo that dismissal under hearing officer rule 2139 was appropriate, the rule specifically provides that the dismissal shall be without prejudice.
This assignment of error has merit.[1]
CONCLUSION
For the above and foregoing reasons, the judgment of the hearing officer, dismissing plaintiffs claim for compensation benefits with prejudice, is reversed. This matter is remanded to the Office of Workers’ Compensation Administration for further proceedings. Costs of this appeal are assessed against defendant, National Maintenance Corporation.
REVERSED AND REMANDED.

. On appeal, both plaintiff and defendant attached documents to the appellate briefs in support of their respective positions. Inasmuch as these documents are not part of the record on appeal, they were not considered by this court. See Premier Bank, National Association v. Prevost Motors, Inc., 597 So.2d 1136, 1141 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La. 1992).