680 So.2d 46 (1996)
Jody Seagers, wife of/and David SEAGERS
v.
Max PAILET, M.D.
No. 95-CA-924.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1996.
Rehearing Denied October 17, 1996.
*47 B.R. `Bobby' Malbrough, Metairie, for Plaintiffs/Appellees.
Richard L. Weil, New Orleans, for Defendant/Appellant.
Before BOWES and WICKER, JJ., and REMY CHIASSON, J. Pro Tem.
WICKER, Judge.
This is a medical malpractice action against Dr. Max Pailet in which plaintiffs, Jody and David Seagers, were awarded judgment in their favor. On appeal the judgment was amended to increase the total damages awarded to $263,787.44; as amended, the judgment was affirmed. Seagers v. Pailet, 95-52 (La.App. 5th Cir. 5/10/95) 656 So.2d 700. Dr. Pailet paid the principal amount of his maximum liability under the Medical Malpractice Act, $100,000. Pursuant to La.R.S. 40:1299.42(B)(3)(a), the Louisiana Patients' Compensation Fund (hereafter LPCF) was liable for the remainder of the principal. A dispute arose between the Seagers and Dr. Pailet about whether Pailet was liable to pay interest on the first $100,000 of the award. Plaintiffs sought declaratory judgment on that issue. The trial court ruled in plaintiffs' *48 favor, finding defendant liable for the payment of interest on the first $100,000, beginning April 1, 1991. Defendant appeals. We affirm.
The interest dispute springs from an amendment to the Medical Malpractice Act passed between the filing of the suit and the rendition of judgment. At issue is the applicability of Act 967 of 1990, § 2, which amended La.R.S. 40:1299.42(B)(2). La.R.S. 40:1299.42 governs limitation of recovery in medical malpractice actions. It states, in pertinent part:
B. * * * (2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient. [Emphasis added.]
According to the petition, Dr. Pailet elected to forego review by a medical review panel. This suit was filed on July 26, 1990. The effective date of Act 967 of 1990 was October 1, 1990, except that the interest provision of La.R.S. 40:1299.42(B)(2), by its own terms, did not take effect until April 1, 1991. Judgment was rendered in the trial court on August 24, 1994. The appellate decision was rendered on May 10, 1995 and became final 60 days thereafter, because the parties sought neither rehearing nor further review.
The version of La.R.S. 40:1299.42(B)(2) in effect on the date suit was filed limited the liability of a health care provider qualified under the Medical Malpractice Act to $100,000, without mention of liability for interest:
A health care provider qualified under this part is not liable for an amount in excess of one hundred thousand dollars for all malpractice claims because of injuries to or death of any one patient.
La.R.S. 40:1299.42(B)(2), as amended by Acts 1984, No. 435, § 2. A subsequent amendment in 1986 did not affect this paragraph. Act 967 of 1990, however, inserted "plus interest accruing after April 1, 1991" following "one hundred thousand dollars."
In opposition to the motion for declaratory judgment Dr. Pailet argued that the version of the statute in effect at the time the claim was filed should apply. He contended the change in liability for interest is substantive, so that the amendment cannot be applied retroactively. He further contended he cannot be liable for interest on the $100,000 because the coverage premiums he paid to the LPCF included coverage for any interest due on his $100,000.
The trial court held that interest due was not determined until judgment was rendered in the trial court and subsequently amended and affirmed by the court of appeal. The court noted Dr. Pailet's argument concerning the premiums he paid, but stated that beginning July 1, 1991, his surcharge for excess coverage with the LPCF was reduced based on the amendment to La.R.S. 40:1299.42(B)(2). The court concluded:
Therefore, the Court is of the opinion that Dr. Pailet contracted annually with the LPCF, beginning July 1, 1991, to be responsible for the interest due on the first One Hundred Thousand Dollars ($100,000.00) of coverage, and that the reduction in the surcharge paid by Dr. Pailet to the LPCF for excess coverage constitutes consideration.
Thus, the court declared Dr. Pailet liable for interest on the first $100,000 of coverage, beginning April 1, 1991.
On appeal Dr. Pailet contends the trial court erred (1) in finding that he contracted with the LPCF to be responsible for interest due on the first $100,000, (2) in finding that the reduction in the surcharge he paid to the LPCF constituted consideration, (3) in failing to find that he purchased insurance coverage from the LPCF that was in effect at the time plaintiffs filed their claim, and (4) in failing to find that the insurance coverage in place at the time the claims were filed controlled each party's duties under the policy.
We find no merit to the assignments concerning Dr. Pailet's "contract" or "policy" with the LPCF. No evidence, either documentary or testimonial, was presented at the hearing regarding either his payment of premiums or any agreement with the LPCF. The only information was provided in argument of counsel, which is not evidence. Accordingly, *49 we shall consider only Dr. Pailet's statutory liability.
"The court shall award interest in the judgment as prayed for or as provided by law." La.Code Civ.P. Art. 1921. "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." La.R.S. 13:4203. With respect to medical malpractice awards, La. R.S. 40:1299.47(M) provides, "Legal interest shall accrue from the date of filing of the complaint with the board on a judgment rendered by a court in a suit for medical malpractice brought after compliance with this Part."
La.Civ.Code Art. 2924 governs rates of legal and conventional interest and usury. It provides:
A. Interest is either legal or conventional.
B. (1) Legal interest is fixed at the following rates, to wit:
(a) At the rate fixed in Subparagraph (3) of this Paragraph on all sums which are the object of a judicial demand, whence this is called judicial interest; * * *
(2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
* * * * * *
(3)(a) On and after January 1, 1988, the rate shall be equal to the rate as published annually, as set forth below, by the commissioner of financial institutions. * * *
(c) Notwithstanding the provisions of this Article, at no time shall the judicial interest rate be greater than fourteen percent per annum or less than seven percent per annum. Depending on when the judgment rendered in connection therewith is satisfied or extinguished, such lawsuit may have more than one rate of judicial interest apply. [Emphasis added.]
Under these statutes, any person cast in judgment in an action ex delicto is liable for judicial interest at the prevailing rate as prescribed in La.Civ.Code art. 2924. That includes judgments for medical malpractice.
Our survey of the caselaw shows that the issue of a health care provider's liability for interest in proceedings under the Medical Malpractice Act is res nova. The only Louisiana case we found that mentions the liability for interest in a substantive way is Forstall v. Hotel Dieu Hosp., 429 So.2d 213 (La.App. 4th Cir.1983), in which the court simply stated in a footnote, "R.S. 40:1299.42B(2) limits Dr. Accardo's liability to one hundred thousand dollars. He is not liable for interest and costs over this amount and the judgment appealed from is erroneous in this regard." Id., at 217 n. 2.
We find several cases in which the judgment against the health care provider included interest, but the issue apparently was not raised on appeal because the opinions do not discuss it. In Moody v. United Nat'l Ins. Co., 95-1 (La.App. 5th Cir. 5/10/95) 657 So.2d 236, the opinion states that the defendant physician paid the interest on his $100,000 (acts of malpractice in October 1989; no mention of the date suit filed). In Turner v. Massiah, 94-2548 (La. 6/16/95) 656 So.2d 636, the trial court cast the physicians in judgment for the interest on their $100,000 shares, which was mentioned but not discussed by the appellate court (malpractice in 1987; suit filed in 1988). See also, Todd v. Sauls, 94-10 (La.App. 3rd Cir. 12/21/94) 647 So.2d 1366 (malpractice in 1988, claim for medical review filed in 1989); Otnott v. Morgan, 93-684 (La.App. 4th Cir. 3/15/94) 636 So.2d 957; White v. Touro Infirmary, 93-1617 (La.App. 4th Cir. 2/11/94) 633 So.2d 755.
In contrast, in Pfiffner v. Correa, 91-2734 (La.App. 4th Cir. 1/13/94) 640 So.2d 281 (malpractice in 1983, suit filed 1984, judgment rendered 1991), the LPCF's share of the judgment was $120,000 yet the LPCF was cast for interest on the total award of $320,000. Again there was no discussion of the issue.
None of those cases discuss the issue raised before us in this case, however. We are not persuaded that prior to April 1991 the liability limitation for a health care provider excluded the judicial interest provided by law. The former silence of La.R.S. 40:1299.42(B)(2) regarding liability for interest does not mean the health provider was *50 not previously responsible for it; the statute simply is mute.
Accordingly, we find no merit to Dr. Pailet's contention that a qualified health care provider under the Medical Malpractice Act was not liable for interest on the first $100,000 of a judgment prior to April 1, 1991. We believe the amendment of La.R.S. 40:1299.42(B)(2) by Act 967 of 1990 simply clarified pre-existing law and made express the health care provider's obligation to pay judicial interest on his portion of a malpractice judgment.
Plaintiffs-appellees have requested us to award damages and attorney's fees for frivolous appeal. They failed, however, to appeal or to answer the appeal, therefore we cannot consider their request. Further, we cannot say that the issue raised was frivolous. Therefore, plaintiffs' request is denied.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.