J^FOGG, J.
The issue raised on appeal in this medical malpractice case is whether or not the Patient’s Compensation Fund Oversight Board (the PCF Board) and the Patient’s Compensation Fund (the Fund) are liable for interest paid on part of an adverse judgment which exceeded $100,000.00, when that sum was paid by the physician’s medical malpractice insurer pursuant to its contract with the physician. The trial court held that the PCF Board and the Fund are required to pay that interest. For the following reasons, we affirm.
The facts are undisputed. On October 2, 1985, Julia Hedgepeth consulted Dr. Gerard Guerin for treatment of a callous on her right foot. Dr. Guerin removed the callous and sutured the incision. Ms. Hed-gepeth developed a severe infection, which eventually resulted in diabetic gangrene.
On July 26, 1986, Ms. Hedgepeth filed a medical malpractice claim against Dr. Gue-rin and Pacific Insurance Company, his professional liability insurer. On June 19, 1991, the medical review panel rendered an opinion, finding that Dr. Guerin had failed to comply with the appropriate standard of care in his treatment of Julia Hedgepeth.
On November 25, 1991, Ms. Hedgepeth, individually and on behalf of her minor child, Jonathan, and her late husband, William, filed a medical malpractice claim against Dr. Guerin and Pacific. Julia Hed-gepeth subsequently died and the pleadings were amended to substitute her succession representative and her son’s tutrix as plaintiffs.
After trial on the merits, judgment was rendered, awarding $236,957.79 to the Succession of Julia Hedgepeth and $25,000.00 to Jonathan Hedgepeth, plus legal interest and costs. Subsequently, the trial court amended the judgment to provide legal interest would run on the entire judgment from the date of |3the filing of the complaint with the medical review panel on July 26,1986.
Pacific appealed that judgment. This court rendered an opinion, amending the judgment to provide that legal interest on the portion of the amended judgment in excess of the $100,000.00 policy limits of Pacific ran only from January 2, 1996 (the date of the amended judgment). In all other respects, the amended judgment was affirmed. Pacific applied to the Louisiana Supreme Court for a writ of certiorari and/or review. The Louisiana Supreme Court denied the writ application on September 26, 1997. Hedgepeth v. Guerin, 96-1044 (La.App. 1 Cir. 3/27/97), 691 So.2d 1355, writ denied, 97-1377 (La.9/26/97), 701 So.2d 983.
On October 2, 1997, Pacific paid the sum of $238,649.83 to the plaintiffs. That sum is broken down as follows:
$100,000.00-Policy limits
$ 92,819.79-Legal interest on policy limits (7/26/86-10/2/97)
$ 43,967.96-Legal interest on the amended judgment(total award)(l/2/96-10/2/97)
$ 1,862.08-Trial expenses
On November 5, 1997, the PCF Board and the Fund filed a Petition for Declaratory Judgment, seeking resolution of the issue of whether or not it owed legal interest on the amount of the amended judgment from January 2,1996 until October 2, 1997, the date that Pacific made payment, including legal interest. The Hedgepeths *1038 responded by answering the petition and filing a Petition for Declaratory Judgment with Writ of Mandamus and for Damages, Penalties, Attorney’s Fees and Sanctions on December 1,1997.
After hearing the matter, the trial court held that the PCF Board and the Fund are liable for the sum of $43,967.96, plus interest. The PCF Board and the Fund appeal that judgment.
In medical malpractice actions, the statutory scheme limits the exposure of a health care provider as follows, “A health |4care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon ... for all malpractice claims because of injuries to or death of any one patient.” LSA-R.S. 40:1299.42B(2); see Seagers v. Pailet, 95-924 (La.App. 5 Cir. 5/15/96), 680 So.2d 46, writ denied, 96-2730 (La.1/6/97), 685 So.2d 117. The PCF is liable for “[a]ny amount due from a judgment ... which is in excess of the total liability” of the health care providers. LSA-R.S. 40:1299.42B(3)(a). The Hedge-peths assert that this language limits the PCF to a credit for $100,000.00, plus interest of that sum; therefore, the PCF is liable under the statute for legal interest on the amount of the amended judgment from January 2,1996 until October 2,1997, regardless of whether or not that sum was paid by the physician’s insurer.
We agree with this reasoning. The statutory provisions dealing with medical malpractice claims contemplate that the PCF only receive as a credit that which the health care providers are liable for under the statute. Section (3)(a) LSA-R.S. 40:1299.42 states that any amount that is due “which is in excess of the total liability of all liable health care providers, as provided in Paragraph (2) of this Subsection, shall be paid from the patient’s compensation fund pursuant to the provisions of R.S. 40:1299.44(C).” Pacific paid more because of its policy language. Accordingly, we find that the trial court correctly determined that the PCF Board and the Fund are liable for legal interest on the amount of the amended judgment from January 2, 1996 until October 2,1997.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the Patient’s Compensation Fund Oversight Board and the Patient’s Compensation Fund.
AFFIRMED.