J^CLARENCE E. McMANUS, Judge.
On April 13, 1999, plaintiff/appellant, Ja-noi Rose, was driving home on Airline Highway in St. John the Baptist Parish when his vehicle was struck head-on by a vehicle driven by an intoxicated driver, Jack Coleman, and owned by Research Fumigation, L.L.C. As a result of the accident, Rose suffered a severe injury to the joint between his hand and wrist for which he has undergone three separate surgical procedures.
On January 2, 2000, Rose filed suit against defendants Jack Coleman, Research Fumigation, and Travelers Insurance Company as the insurer for Research Fumigation. Additionally, Rose named Continental Insurance Company as a defendant in its capacity as the personal liability insurer for Coleman.[1] Prior to trial, the trial court ordered that the policy of insurance issued by Travelers Insurance Company to Research Fumigation, providing $1,000,000.00 in liability coverage, constituted the primary liability insurance coverage for Coleman and the insurance policy issued to Coleman by Continental Insurance Company would be considered excess insurance coverage.
|3Subsequent to the trial court’s order, Rose settled his claims with Research Fumigation and Travelers Insurance Company. On January 3, 2000, a partial motion and order to dismiss with prejudice all claims against Jack Coleman[2], Research Fumigation, and Travelers Insurance Company with reservation of plaintiffs claims against Continental Insurance Company was filed into the record. Thereafter, on November 26, 2001 the case proceeded to a jury trial. Continental *694 Insurance Company stipulated to liability and intoxication and that Coleman’s intoxication was the legal cause of the accident leaving damages as the sole issue at trial.
Following trial, the jury rendered a verdict awarding damages in favor of Rose in the amount of $901,910.19. On January 7, 2002, Continental Insurance Company filed peremptory exceptions of no right of action and res judicata. On February 28, 2002, the trial judge denied Continental Insurance Company’s peremptory exceptions and signed a judgment in favor of plaintiff in the amount of $901,910.19 plus court costs and expert fees. The judgment further dismissed defendants, Jack Coleman and Continental Insurance Company, with prejudice on finding that the amount of damages awarded was less than the $1,000,000.00 credited to Continental Insurance Company by Travelers Insurance Company’s policy. The judgment further denied plaintiffs request to cast Continental Insurance Company in judgment for judicial interest on the judgment.
On March 18, 2002, Rose filed a Motion for Judgment Notwithstanding the Verdict and Motion for New Trial which were denied. On March 22, 2002, Continental Insurance Company filed a Rule to Tax Costs. Thereafter, in an order signed April 22, 2002, the trial court granted Continental Insurance Company’s rule, taxing plaintiff with all costs. Rose now files this timely appeal.
|4In his first two assignments of error, Rose argues that the trial court erred when it denied him the right to recover legal interest on the full amount of the judgment or on any amount when he specifically reserved his rights to pursue his claim of judicial interest on the entire amount of damages against Continental Insurance Company. Continental Insurance Company responds that the trial court correctly denied Rose the right to recover judicial interest because it was not cast in judgment.
In support of his contention, Rose cites Sutton v. Oncale, 99-967 (La.App. 5 Cir. 3/29/00), 765 So.2d 1072, which addressed the issue of whether a UM/UIM insurer was liable for the payment of judicial interest on the amount paid to a plaintiff by the tortfeasor’s insurer when the plaintiff reserves her right to judicial interest pursuant to LSA-C.C. art. 2925. In Sutton, a personal injury claimant settled her claims against the tortfeasor and his liability insurer, reserving her right to pursue legal interest from her UM/UIM insurer.
After trial, the trial court entered a judgment in favor of the plaintiff for $43,595.90 and against the UM/UIM insurer for $15,535.81, the amount exceeding the amount tendered pursuant to the tort-feasor’s liability insurance policy. The trial court additionally awarded judicial interest to plaintiff and against her UM/UIM insurer on the $15,535.81 judgment. On appeal, plaintiff alleged the trial court erred in failing to assess against her UM/ UIM insurer judicial interest on the entire amount of the judgment. This Court agreed, holding that the UM/UIM insurer was liable for judicial interest on the entire judgment because the object of the UM/ UIM statute is to promote full recovery of damages by automobile accident victims and the plaintiff expressly reserved her rights to judicial interest under LSA-C.C. art. 2925.
The instant case is distinguishable from Sutton. Although Rose specifically and expressly reserved his right to pursue his claim for judicial interest on the ^entire amount of his damages against Continental Insurance Company in his release of Research Fumigation and Travelers Insur- *695 anee Company[3], the jury returned a verdict awarding Rose $901,910.34, an amount less than the $1,000,000.00 policy limit contained in Travelers Insurance Company’s policy issued to Research Fumigation. As a result, Continental Insurance Company was not liable for any amount of damages and was subsequently dismissed with prejudice.
Any person cast in judgment in an action ex delicto is liable for judicial interest at the prevailing rate set forth in LSA-R.S. 13:4203. See, Seagers v. Pailet, 95-924 (La.App. 5 Cir. 5/15/96), 680 So.2d 46, 49, writ denied, 96-2730 (La.1/6/97), 685 So.2d 117. Continental was not cast in judgment and therefore is not liable for any amount of judicial interest. Accordingly, these assignments of error are without merit.
In his third assignment of error, Rose argues that after issuing an original judgment awarding expert fees and court costs in his favor, the trial court erred by granting Continental Insurance Company’s Rule to Tax Costs, reversing its previous judgment and taxing Rose with all costs. Continental Insurance Company responds that the trial court properly retained jurisdiction over the issue of court costs pursuant to Article 2088 of the Louisiana Code of Civil Procedure and properly taxed Rose with court costs.
LSA-C.C.P. art. 2088(10) provides that the trial court retains jurisdiction to tax costs. However, the jurisdiction is limited to taxing costs consistent with the judgment. Madison v. Ernest Mortal Convention Center-New Orleans, 00-1929 (La.App. 4 Cir. 12/4/02), 834 So.2d 578, 582, writs denied, 00-0028 (La.1/20/03), 847 So.2d 1241 and 00-0030 (La.1/20/03), 847 So.2d 1241. In the instant case, the judgment signed by the trial judge on February 28, 2002 provided as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant’s Post-Trial Peremptory Exception of No Right of Action or Res Judicata is hereby DENIED. Judgment is granted in favor of the plaintiff, Janoi Rose in the amount of $901,910.32 plus court costs and expert fees.
Thereafter, on April 22, 2002, following a rule to tax costs filed by Continental Insurance Company, the trial court signed an order amending its original judgment and taxing all costs against Rose.
LSA-C.C.P. art. 1951 permits the amending of a final judgment of the trial court only to alter the phraseology, but not the substance, or to correct errors of calculation. Here, the trial court originally awarded Rose all costs. The subsequent judgment taxing all costs against Rose amounts to a substantive amendment to the original judgment. Therefore, the subsequent judgment, as it amounts to a partial reversal of the original judgment is null for lack of jurisdiction. See, Madison v. Ernest Mortal Convention Center-New Orleans, supra. Accordingly, we vacate the order signed April 22, 2002 and reinstate the original judgment.

Conclusion

For the above reasons, we affirm the ruling of the trial court denying appellant’s *696 request to award judicial interest on the amount of judgment, vacate the order signed April 22, 2002, and reinstate the original judgment. Additionally, because the original judgment does not east any party in judgment, each party is ordered to bear its own costs.

AFFIRMED IN PART; JUDGMENT VACATED IN PART

DALEY, J., concurs.

. The record does not indicate when Continental Insurance Company was added as a defendant in the instant matter.

. Jack Coleman remained a nominal party to the litigation enabling Rose to pursue his claims against Continental Insurance Company.

. The record contains one complete, but unsigned, copy of the Receipt, Release, Hold Harmless Defense, and Indemnity Agreement. In that copy, although Rose reserved all rights and claims against Continental Insurance Company, there is no specific reservation of rights to pursue his claims for judicial interest against Continental. However, the record also contains a portion of a release, attached to Rose’s Proposed Judgment and Memorandum in Support of Proposed Judgment, wherein Rose specifically reserved his right to pursue his claim for judicial interest on the entire amount of his damages against Continental.