McClendon, j.
 

 |2On remand from the Louisiana Supreme Court, defendant, Exxon Mobil Corporation (Exxon) appeals the trial court’s assessment of the majority of the court costs to Exxon.
 
 [1]
 
 Exxon argues that the costs should have been apportioned more in line with the jury’s assessment of fault. Finding an abuse of the trial court’s discretion, we modify the allocation of costs.
 

 PROCEDURAL BACKGROUND
 

 Plaintiffs, Larry and Rosie Adams, filed suit against Exxon and Mr. Adams’s employer, Rhodia, Inc. (Rhodia), for damages arising from an accident at the Rhodia plant that physically injured Mr. Adams. Rhodia was dismissed before trial, which left Exxon as the only remaining defendant. After the trial, the jury awarded $4,461,000.00 of damages, and assigned two percent of the fault to Mr. Adams, ten percent to Exxon, and eighty-eight percent to the absent defendant, Rhodia. The trial court rendered judgment accordingly. By a separate judgment, the trial court assessed ninety-eight percent of the court costs, which totaled $144,200.00, to Exxon; thus requiring Exxon to pay $141,316.00 in costs.
 

 LAW
 

 The general rule is that costs are to be paid by the party cast in judgment. LSAC.C.P. art.1920;
 
 Stockstill v. C.F. Industries, Inc.,
 
 94-2072, p. 28 (La.App. 1 Cir. 12/15/95), 665 So.2d 802, 822,
 
 writ denied,
 
 96-0149 (La.3/15/96), 669 So.2d 428. However, the trial court is vested with great discretion to assess costs against any party in a manner deemed equitable by the trial court. LSA-C.C.P. art.1920;
 
 Stockstill,
 
 94-2072 at p. 28, 665 So.2d at 821. The trial court may even assess costs against a party who prevails to some extent on the merits.
 
 Stockstill,
 
 94-2072 at p. 28, 665 So.2d at 821-22.
 

 |sWhile the trial court, in its discretion, may assess some costs against a prevailing plaintiff found to be partially at fault, the trial court may also, if equitable, assess ail the costs against the defendant cast in judgment despite a finding of some fault on the part of the plaintiff.
 
 Stocks-till,
 
 94-2072 at p. 29, 665 So.2d 822. The trial court’s assessment can be reversed
 
 *290
 
 only upon a showing of an abuse of that court’s discretion.
 
 Steadman v. Georgia-Pacific Corporation,
 
 95-1463, p. 15 (La. App. 1 Cir. 4/6/96), 672 So.2d 420, 428,
 
 unit denied,
 
 96-1494 (La.9/20/96), 679 So.2d 440.
 

 Special considerations arise when the suit involves one or more defendants who are dismissed before trial. If the absent defendant is found to be at fault, especially for a substantial amount, the trial court must then determine what effect the court’s lack of authority to impose costs on that defendant will have on the culpable parties remaining in the suit.
 

 In
 
 Hebert v. Brown Bottling Group, Inc.,
 
 98-0924, p. 3 n. 6 (La.10/30/98), 719 So.2d 1043, 1045 n. 6, appellant, Shop Rite, Inc., assigned error to the court of appeal’s reversal of the trial court’s allocation of fault and costs. The trial court in
 
 Hebert
 
 had assigned 80% of the fault to a defendant, who had settled prior to trial, and 20% to another defendant, Shop Rite, Inc., who participated in the trial. No fault was assessed to the plaintiff.
 
 Hebert,
 
 98-0924 at p. 2, 719 So.2d at 1045. Court costs were taxed in the same proportion. On review, the court of appeal found the absent defendant and Shop Rite, Inc. to be equally at fault. However, all costs from the lower court were taxed to Shop Rite, Inc. and its insurer.
 
 Hebert,
 
 98-0924 at p. 3, 719 So.2d at 1045. The supreme court granted certiorari “primarily to determine whether the court of appeal erred in reversing the trial court’ allocation of fault.”
 
 Hebert,
 
 98-0924 at p. 1, 719 So.2d at 1044.
 

 After review of the facts and law, the supreme court reversed the court of appeal and reinstated the trial court’s allocation of eighty percent of the fault to the absent defendant and twenty percent to Shop Rite, Inc.
 
 Hebert,
 
 98-0924 at pp. 5-6, 719 So.2d at 1046-47. On the issue of costs, the supreme court, citing LSA-C.C.P. art.1920, initially stated that the trial court’s assessment of eighty percent of the costs to a defendant who was not a party at the time of judgment was technically defective.
 
 Id.
 
 |4The court then found, without comment on the issue of equity or the discretion of the trial court afforded by LSA-C.C.P. art.1920, that the intent of the trial court was to assess costs in the same percentage as its allocation of fault. Thus, the court reinstated the 20% assessment of costs to Shop Rite, Inc. Finally, again without any analysis or comment on equity, the supreme court noted that the plaintiff, who had been assigned no fault, would be the one to absorb eighty percent of the costs.
 
 Hebert,
 
 98-0924 at p. 5, 719 So.2d at 1047.
 

 ANALYSIS
 

 This is not a case where all parties assessed with fault appeared at trial, or the plaintiffs fault significantly outweighed the fault assigned to a defendant.
 
 See, e.g., Sallinger v. Robichaux,
 
 98-2160 (La. App. 1 Cir. 6/23/00), 762 So.2d 761. This is a case with an absent defendant, Rhodia, found to be 88% at fault. The only remaining defendant at trial, Exxon, was allocated 10% of the fault; an obviously much lower percentage than Rhodia, but five times more than the plaintiffs allocation of 2%. We also note that Exxon was not assessed with all the costs. A reduction was made for the 2% fault of Mr. Adams.
 

 Unfortunately, it is not clear in
 
 Hebert,
 
 the case with a dismissed culpable defendant, whether the supreme court considered the fairness or equitability of the amount of costs that would be absorbed by the plaintiff, who did not appear as an appellant or answer the appeal. Nor did the supreme court reveal the precise argument made by Shop Rite, Inc. on the issue of costs. Thus, while we know that the court of appeal allocation was found to be
 
 *291
 
 in error, we know not whether the supreme court was correcting the technical error as to the assessment to the absent defendant, and merely reinstating the trial court’s assessment to Shop Rite, Inc., or whether the court was approving the result of an 80% absorption by the plaintiff of the costs.
 

 Certainly, a trial court may consider the effect of a dismissed defendant, especially one found to be primarily at fault. However, we can find no legal precept mandating the trial court to ignore a trial defendant found liable, and, in all cases, require a plaintiff found even minimally at fault to absorb the costs assigned to the absent, substantially culpable defendant. Despite the ambiguity in
 
 Hebert,
 
 the ^decision is clearly not an enunciation of a general rule revoking the trial court’s discretion provided by law.
 
 See
 
 LSA-C.C.P. art.1920;
 
 Stockstill,
 
 94-2072 at p. 28, 665 So.2d at 821. Each case stands on its own peculiar facts.
 

 In this appeal, unlike
 
 Hebert,
 
 the trial court’s allocation of costs was the only issue on appeal. And, from our review, it does appear that the trial court abused its discretion by inequitably assigning 98% of the substantial costs to a defendant found to be only 10% at fault. However, while recognizing that the plaintiff did agree to dismiss Rhodia, an assignment of 90% of the costs to the plaintiff with the lowest assignment of fault, also seems inequitable.
 
 [2]
 
 To achieve a more just result, some modification more reflective of the ratio of fault between these parties assessed with the costs by the trial court must be made.
 

 The trial court allocated a combined total of 12% of the fault to Mr. Adams and Exxon. When the ratio of that assignment between those parties is calculated, Mr. Adams’ share is 17% of the total fault assessed to the parties remaining in the suit, and Exxon’s is 83%. In light of all these considerations, we modify the assessment of costs to Exxon from 98% to 83%, thereby more fairly recognizing the interrelationship of the fault between Mr. Adams and Exxon, the parties actually cast with the costs by the trial court.
 

 CONCLUSION
 

 For these reasons, the judgment of the trial court is amended to assess 83% of the costs to Exxon and 17% of the costs to Mr. Adams. The costs of the appeal are assessed equally to defendant-appellant, Exxon Mobil Corporation, and plaintiff, Mr. Larry Adams.
 

 AFFIRMED AS AMENDED.
 

 [1]
 

 . In the original appeal, this court reversed the judgment in favor of plaintiffs and the trial court's assessment of costs to Exxon.
 
 Adams v. Rhodia, Inc.,
 
 2006-1803 (La.App. 1 Cir. 9/26/07), 971 So.2d 1084;
 
 Adams v. Rhodia, Inc.,
 
 2007-0897 (La.App. 1 Cir. 12/21/07), 973 So.2d 181 (unpublished tables). On the issue of fault, the supreme court reversed the first circuit decision and reinstated the jury’s apportionment of fault.
 
 Adams v. Rhodia, Inc.,
 
 2007-2110 (La.5/21/08), 983 So.2d 798. In light of the reinstatement, the issue of costs was remanded.
 
 Adams v. Rhodia, Inc.,
 
 2008-0185 (La.9/19/08), 992 So.2d 968.
 

 [2]
 

 . The record on appeal contains no evidence of the underlying facts or particulars of the dismissal.