STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1211

**EDDIE L. COLLIER, III AND TERRELL COLLIER**

**VERSUS**

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE AND
JOHN P. MILLER**

Judgment Rendered: **JUL 2 2 2024**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C654579, Div./Sec. 25

Honorable Wilson E. Fields, Judge Presiding

* * * * * * *

Matthew T. Lofaso
Baton Rouge, Louisiana
and
Zachary S. Walker
S. Bradley Rhorer
Baton Rouge, Louisiana

Counsel for Plaintiffs/Appellees,
Eddie L. Collier, III and
Terrell Collier

Liz Murrill
  *Attorney General*
Christopher W. Stidham
  *Special Assistant Attorney General*
Baton Rouge, Louisiana

Counsel for Defendants/Appellants,
Board of Supervisors of Louisiana
State University and Agricultural
and Mechanical College and
Michael "Clay" Crain

* * * * * * *

BEFORE: WELCH, THERIOT, PENZATO, GREENE, AND STROMBERG, JJ.

JEW Welch, J. concurs w/o reasons

Greene, J. dissents with reasons.

**PENZATO, J.**

Defendants/appellants made an offer of judgment to the plaintiffs/appellees pursuant to La. C.C.P. art. 970 in the amount of $120,000, exclusive of legal interest and court costs. In a judgment signed on August 2, 2023, the trial court denied the defendants' motion for judgment on the offer of judgment, granted the plaintiffs' cross-motion for judgment on the offer of judgment, and entered judgment in favor of the plaintiffs, against the defendants, in the amount of $120,000, together with legal interest from the date of judicial demand until paid, and court costs in the amount of $3,585.78, with legal interest from date of judgment until paid. The defendants appealed from the trial court's August 2, 2023 judgment. After review, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

Eddie L. Collier, III, and his wife, Terrell Collier, filed suit against the Board of Supervisors of Louisiana State University Agricultural and Mechanical College (LSU) and LSU employees, John P. Miller and Michael "Clay" Crain, seeking damages for personal injuries allegedly sustained by Mr. Collier. The Colliers alleged that Mr. Collier was injured while participating in a training at an agency under the direction of the State of Louisiana, through LSU. According to the Colliers, Mr. Miller and Mr. Crain "conspired" with employees of LSU to perform pranks on patrons of the training institute and/or Mr. Miller and Mr. Crain rigged a cooler with a rubber snake, which "leaped forward out of the cooler" in a striking motion as Mr. Collier opened the cooler. Mr. Collier jumped back and fell to the ground, allegedly injuring his left knee. The Colliers maintained that the defendants were independently negligent, and LSU was also liable for the negligent acts of its employees under the doctrine of respondeat superior. The Colliers sought general and special damages for the personal injuries purportedly sustained by Mr. Collier

2

in this incident, as well as the loss of consortium purportedly experienced by Mrs. Collier.

LSU and Mr. Crain answered, denying the plaintiffs' factual allegations and denying liability (LSU and Mr. Crain are collectively referred to as "LSU"). The designated record on appeal does not contain an answer or other appearance by Mr. Miller. Therefore, Mr. Miller's status in this litigation is unclear.

On June 13, 2023, LSU made an offer of judgment to the Colliers pursuant to La. C.C.P. art. 970. Without any admission of liability, LSU offered $120,000 "exclusive of court costs, interest, attorney's fees, and any other amount which may be awarded to Eddie and Terrell Collier pursuant to statute or rule, and in full settlement" of the Colliers' claims for damages.[1] On June 14, 2023, the Colliers accepted LSU's offer of judgment. Two days later, LSU sent a letter to the Colliers responding to their verbal request for LSU to pay interest and court costs in addition to $120,000. LSU declined the request, stating its position that the offer of judgment and acceptance constituted an enforceable compromise agreement that may not be revoked by either party.

LSU subsequently filed a motion for judgment on the offer of judgment, asking the trial court to enter a judgment in the total amount of $120,000, with each party to bear its own court costs. See La. C.C.P. art. 970(A). LSU maintained the Colliers were not entitled to any additional sums, particularly court costs and interest, since they accepted the offer of judgment of $120,000, made *exclusive* of these amounts. LSU asserted there was no legal basis to tax it with the Colliers'

---

[1] The offer of judgment stated the offer was made by LSU to settle all claims, including the Colliers' claims against Mr. Miller. However, the August 2, 2023 judgment was not rendered against Mr. Miller; he was not mentioned in the judgment. Therefore, we likewise do not render judgment in favor of or against Mr. Miller.

court costs and/or legal interest, because the offer was made without an admission of liability and no trial was held.[2]

In response, the Colliers filed a cross-motion for judgment on the offer of judgment, seeking judgment in their favor, against LSU, in the amount of $120,000, plus legal interest from the date of judicial demand and all recoverable court costs. According to the Colliers, legal interest from the date of judicial demand and court costs must be added to the judgment, pursuant to La. R.S. 13:4203 and La. C.C.P. art. 1920, because the offer of judgment was made exclusive of legal interest and court costs. The Colliers reasoned that, when an offeree accepts an offer of judgment that is exclusive of legal interest and court costs, those amounts are to be added to the specific amount of the offer, if legal interest and court costs are otherwise recoverable in that particular type of case.

At the conclusion of the contradictory hearing on the parties' motions, the trial court denied LSU's motion and granted the Colliers' cross-motion. A written judgment was signed on August 2, 2023, granting judgment in favor of the Colliers and against LSU in the amount of $120,000, together with legal interest from the date of judicial demand until paid, and court costs in the amount of $3,585.78, with legal interest on this sum from the date of judgment until paid.

LSU filed this appeal, asserting the trial court legally erred by awarding prejudgment legal interest on the offer of judgment and by taxing it with the Colliers' court costs.

---

[2] Interest is either legal or conventional. La. R.S. 9:3500(A). Legal interest on sums which are the object of a judicial demand is called "judicial interest." La. R.S. 13:4202. Codal authority and jurisprudence refer to legal interest and judicial interest interchangeably. See *Smith v. Quarles Drilling Co.*, 2004-0179 (La. 10/29/04), 885 So.2d 562, 563 n.1. For purposes of this opinion, we use the term "legal interest."

4

## LAW AND ANALYSIS

Louisiana Code of Civil Procedure Article 970 pertinently states:[3]

A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

\* \* \* \*

C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.

\* \* \* \*

E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

\* \* \* \*

The function of La. C.C.P. art. 970 is to compensate the rejected offeror who was forced to incur greater trial litigation costs than he would have if the offeree had accepted the settlement offer. Article 970 is punitive in nature and, therefore, must be strictly construed. *Crawford v. United Services Automobile Association*, 2003-2117 (La. App. 1st Cir. 3/24/05), 899 So.2d 668, 671.

In *Dauterive v. Tile Redi, LLC*, 2020-96 (La. App. 5th Cir. 10/5/20), 304 So.3d 1076, 1080, *writ denied*, 2020-01280 (La. 1/12/21), 308 So.3d 710, the court

---

[3] Louisiana Code of Civil Procedure Article 970(A) and (C) were recently. See 2024 La. Acts No. 502, § 1 (eff. Aug. 1, 2024). However, these amendments are not applicable here.

considered the interplay of Article 970's subsections, noting subsection (E) provides the method of calculating the difference between the offer of judgment and the final judgment. To compare the offer of judgment and the final judgment, the final judgment shall contain any amount obtained as a result of additur or remittitur, but shall not include any amounts attributable to costs, interest, or attorney fees, or any other amount that may be awarded pursuant to statute or rule, unless expressly indicated in the offer. *Dauterive*, 304 So.3d at 1080. Thus, the exclusive/inclusive language mandated in Article 970(A) is used, per subsection (E), to calculate the amount owed if the offer of judgment is rejected and the matter goes to trial. *Dauterive*, 304 So.3d at 1080.

We agree with this analysis and conclusion and find the exclusive/inclusive requirement of Article 970 does not determine whether LSU must pay legal interest and court costs in this instance, where the offer was made and accepted exclusive of these amounts. Instead, we must look to La. R.S. 13:4203 and La. C.C.P. art. 1920 – the laws that provide for an award of legal interest and court costs in tort proceedings.

We must determine whether the judgment granting the Colliers' motion for judgment on LSU's offer of judgment, made pursuant to La. C.C.P. art. 970, is a judgment "sounding in damages 'ex delicto'" within the meaning of La. R.S. 13:4203, such that LSU must pay legal interest to the Colliers. This presents a question of law, which we review *de novo*. See *Amedee v. Aimbridge Hospitality LLC*, 2021-01906 (La. 10/21/22), 351 So.3d 321, 332. Next, we must determine whether LSU was properly cast with the Colliers' court costs pursuant to La. C.C.P. art. 1920 where the Article 970 offer of judgment was made exclusive of court costs and accepted by the offeree. To the extent we must interpret Article 970 to resolve this issue, we apply the *de novo* standard of review. See *Amedee*, 351 So.3d at 332. However, an appellate court will not disturb the trial court's fixing of court costs

6

absent an abuse of the sound discretion afforded the trial court. *Williams v. Leeper*, 2021-1177 (La. App. 1st Cir. 4/8/22), 341 So.3d 850, 856. The parties do not cite any case, and we have found none, squarely addressing the issues presented in this appeal.

Before reaching these issues, we address the Colliers' reliance on *Crawford*, 899 So.2d 668. The Colliers assert that *Crawford* supports their argument that, if the offeree accepts an Article 970 offer of judgment made exclusive of court costs and legal interest, the offeror must pay the offeree the principal sum (here, $120,000) plus "those certain other amounts" if the law governing the subject type of action permits recovery of those certain other amounts.

This court in *Crawford* stated that an Article 970 offer of judgment made "exclusive of all costs, interest, attorney fees, and any other amount which may be awarded" means that costs, interest, attorney fees, and any other amount which may be awarded will be "over and above" the total amount of the settlement offer. *Crawford*, 899 So.2d at 672. For the following reasons, we find *Crawford* is distinguishable and is not dispositive of the issues presently before this court.

The sole issue in *Crawford* was whether the plaintiff's insurer was entitled to reduce its Article 970 offer of judgment by the amount of payments already made to the plaintiff/insured.[4] Reversing the trial court, the *Crawford* court concluded the insurer was not entitled to reduce the offer of judgment, because the offer was made "exclusive of all costs, interest, attorney fees, and any other amount which may be

_____

[4] The plaintiff in *Crawford* filed consolidated suits against his insurer in connection with two car accidents. Prior to the offer of judgment, the trial court determined liability in favor of Crawford for the first car accident, and the parties stipulated to liability, again in favor of Crawford, for the second accident. The trial court found coverage existed for both accidents; however, the amount of coverage for the first accident was subject to a credit of $55,000 and the amount of coverage for the second accident was subject a credit of $105,000. *Crawford*, 899 So.2d at 669. Also prior to the offer of judgment, the parties stipulated the plaintiff would be entitled to a five percent penalty and a twenty percent attorney fee award on any damages awarded, with penalties and attorney fees to be calculated on the final award to plaintiff from each accident after the stipulated past credits were applied. *Crawford*, 899 So.2d at 669. The issue in *Crawford* was whether the credit amounts should be deducted from the offer of judgment. *Crawford*, 899 So.2d at 673.

7

awarded pursuant to statute, rule, or stipulation." *Crawford*, 899 So.2d at 672. Concluding the insurer intended that the total offer of judgment would be reduced by the amount of its prior payments would create ambiguity and would render the specificity requirement of La. C.C.P. art. 970 meaningless, referring to the requirement in Article 970 that the offer specify whether it is made exclusive or inclusive of costs, interest, attorney fees, and any other amounts which may be awarded. *Crawford*, 899 So.2d at 673. Here, LSU is not seeking to reduce the amount of the offer of judgment; instead, it seeks to pay only what was offered and accepted – nothing more, nothing less.

In addition to other amounts, the plaintiff in *Crawford* was awarded legal interest and court costs. *Crawford*, 899 So.2d at 674. There is no discussion in *Crawford* explaining why or how the court determined the plaintiff was entitled to those amounts, and we decline to speculate. However, there is nothing in *Crawford* or in the text of Article 970 to suggest an offeree is entitled to an award of legal interest and court costs simply because he accepted an offer, which expressly excluded these amounts. See La. C.C. art. 9.[5] Instead, the offerees, the Colliers, must *otherwise be entitled* to the additional amounts sought, including legal interest and court costs.

For instance, in *Dauterive*, 304 So.3d at 1083, the court of appeal affirmed the trial court's judgment granting a motion for partial summary judgment in the defendant's favor, finding the plaintiffs failed to prove entitlement to attorney fees, costs, and legal interest after accepting the defendant's Article 970 offer of judgment made exclusive of these amounts. There was no finding of liability against the defendant for the plaintiffs' redhibition cause of action; therefore, attorney fees,

---

[5] Louisiana Civil Code Article 9 states, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

costs, and interest were not recoverable under La. C.C.P. art. 2545. *Dauterive*, 304 So.3d at 1082.

Similarly, in *Hendrick v. Patterson*, 47,668 (La. App. 2d Cir. 1/16/13), 109 So.3d 475, *writ denied*, 2013-0670 (La. 4/26/13), 112 So.3d 849, the plaintiff was not entitled to an award of attorney fees and costs where the Article 970 offer of judgment was made exclusive of these amounts and there was no liability finding against the defendant under the New Home Warranty Act, which provided for an award of attorney fees and costs if the builder violated the Act. See La. R.S. 9:3149(A). Attorney fees and penalties are only assessed against the defeated party when the statutory requirements are met. *Hendrick*, 109 So.3d at 484-85. Although the court in *Hendrick* ordered that interest be awarded on the judgment on the offer of judgment from the date of judicial demand, we note that, like in *Crawford*, there is no discussion to explain why or how the court in *Hendrick* determined the plaintiff was entitled to interest, nor is there mention of the application of La. R.S. 13:4203 to the plaintiff's claims under the New Home Warranty Act. *Hendrick*, 109 So.3d at 484-85.[6] Additionally, it appears the issue of *whether* any award of legal interest was appropriate was not raised before the court; instead, the court was tasked with deciding *when* legal interest began to run. *Hendrick*, 109 So.3d at 484-85.

***Entitlement to Legal Interest***

The Colliers' suit is based on general negligence (La. C.C. art. 2315) and respondeat superior (La. C.C. art. 2320). Louisiana Civil Code Article 2315 provides that a tortfeasor must compensate a tort victim for all of the damages occasioned by his act and must put the victim in the position he would have occupied if the tort had not been committed. *Duet v. Landry*, 2017-0937 (La. App. 1st Cir. 4/30/18), 250 So.3d 918, 923. Louisiana Civil Code Article 2320 provides that

---

[6] Instead, the *Hendrick* court cited La. R.S. 9:3500, which states, in part, that legal interest is fixed at the rate fixed in La. R.S. 13:4202 on all sums which are the object of a judicial demand. *Hendrick*, 109 So.3d at 485.

employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. *Ledet v. Robinson Helicopter Co.*, 2015-1218 (La. App. 1st Cir. 4/15/16), 195 So.3d 89, 92, *writ denied,* 2016-00937 (La. 9/6/16), 204 So.3d 1002.

"Damages" refers to pecuniary compensation, recompense, or satisfaction for an injury sustained. *Duet*, 250 So.3d at 923. In the delictual context, La. C.C. art. 2315 authorizes compensatory damages, which include reparation for physical suffering, inconvenience, loss of earnings and services, expenses incurred, and mental suffering. *Duet*, 250 So.3d at 923. The primary objective of awarding general damages is to attempt, with monetary compensation, to restore the injured party to the state the party was in at the time immediately preceding injury. *Hebert v. Boesch*, 2015-1791 (La. App. 1st Cir. 6/3/16), 194 So.3d 798, 804, *writ denied,* 2016-1257 (La. 10/28/16), 208 So.3d 889.

An award of prejudgment legal interest is an extension of the compensatory damages, which may be necessary to make a plaintiff whole. *Thomas v. A. Wilbert & Sons, LLC*, 2015-0928 (La. App. 1st Cir. 2/10/17), 217 So.3d 368, 405, *writs denied,* 2017-0952, 2017-0967 (La. 11/13/17), 229 So.3d 478, 230 So.3d 204.[7] An award of legal interest in tort cases is governed by La. R.S. 13:4203, which provides, "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts."[8] Legal interest runs from the plaintiff's first judicial claim against any party responsible for

---

[7] Citing *Trans–Global Alloy Ltd. v. First National Bank of Jefferson Parish*, 583 So.2d 443, 458 (La. 1991) (quoting *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981)).

[8] Louisiana Code of Civil Procedure Article 1921 states the court shall award interest in the judgment as prayed for or as provided by law. The phrase "as provided by law" refers to La. R.S. 13:4203, among other codal provisions. See La. C.C.P. art. 1921, Official Revision Comments – 1960, Comment (c).

a single tortious act. *Edwards v. Daugherty*, 2003-2103 (La. 10/1/04), 883 So.2d 932, 947.

In tort cases, legal interest on judgments for damages attaches automatically, by operation of law, and is owed until the judgment is paid, regardless of whether it was prayed for in the petition or specifically awarded in the judgment. *Preston v. Safeco Ins. Co. of Oregon*, 2021-0647 (La. App. 1st Cir. 12/22/21), 340 So.3d 94, 96-97.[9] Any person cast in judgment in an action ex delicto is liable for judicial (legal) interest at the prevailing rate set forth in La. R.S. 13:4203. *Rose v. Travelers Ins. Co.*, 2003-606 (La. App. 5th Cir. 11/12/03), 861 So.2d 692, 695, *writ denied*, 2003-3420 (La. 3/19/04), 869 So.2d 850. In *Rose*, the excess insurer stipulated to liability and causation but was not liable for legal interest because the jury awarded the plaintiff less than the primary policy limits. The excess insurer owed no damages to the plaintiff and was, therefore, not cast in judgment and did not owe legal interest. *Rose*, 861 So.2d at 694-95.

Similarly, in *Hardy v. Poydras Properties*, 97-2547 (La. App. 4th Cir. 1/13/99), 737 So.2d 793, 796, *writs denied*, 99-0764, 99-0769 (La. 5/7/99), 740 So.2d 1285, 1293, the trial on the plaintiffs' claim for damages arising out of a fire was bifurcated, and the trial court entered a judgment of liability against the primary insurer. Prior to the damages trial, the primary insurer settled with the plaintiffs, and an issue arose between the primary and excess insurers concerning whether the primary insurer was obligated to pay legal interest at the time of the settlement. *Hardy*, 737 So.2d at 802. The court of appeal concluded the liability judgment was not a judgment "sounding in damages" within the meaning of La. R.S. 13:4203. *Hardy*, 737 So.2d at 803. Absent a monetary award of damages, there was no basis

---

[9] An award of legal interest is also designed to compensate a plaintiff for his loss of the use of money to which he is entitled, the use of which defendant had during the pendency of the litigation. *Hall v. Brookshire Bros., Ltd.*, 2002-2404 (La. 6/27/03), 848 So.2d 559, 574.

for a calculation of interest. The court concluded La. R.S. 13:4203 was not applicable to the settlement agreements. *Hardy*, 737 So.2d at 803.

Here, LSU was not cast in judgment. LSU does not owe, nor has it agreed to pay, "damages" as that term is defined above. Unlike an award of general damages and legal interest, the primary objective of an offer of judgment is not to restore the injured party to his pre-injury state through monetary compensation. See *Hebert*, 194 So.3d at 804. Instead, LSU sought to reach a compromise to resolve the Colliers' claims, with the benefit of the penalty provisions of La. C.C.P. art. 970(C) in the event the Colliers rejected the offer. See La. C.C. art. 3071.[10] We conclude the judgment on LSU's Article 970 offer of judgment is not a judgment sounding in damages ex delicto within the meaning of La. R.S. 13:4203. The Colliers are not entitled to legal interest on the amount of the offer of judgment; thus, the trial court erred as a matter of law by awarding legal interest in favor of the Colliers.

***Entitlement to Costs***

Louisiana Code of Civil Procedure Article 1920 states, "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs. La. R.S. 13:4533.

As an initial matter, we note that Article 1920 is not limited to judgments sounding in damages, like La. R.S. 13:4203. There is nothing in the text of Article 1920 that prohibits its application to a judgment rendered on a motion for judgment on an Article 970 offer of judgment. See La. C.C. art. 9.

---

[10] Louisiana Civil Code Article 3071 states, "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

12

A trial court is given great discretion in taxing court costs in any manner it deems equitable. See La. C.C.P. art. 1920; *State, Department of Transportation & Development v. Restructure Partners, L.L.C.*, 2007-1745 (La. App. 1st Cir. 3/26/08), 985 So.2d 212, 234, *writ denied*, 2008-1269 (La. 9/19/08), 992 So.2d 937. However, such discretion is not unlimited. Discretion in the assessment of court costs is restricted to the realm of what is equitable. *Broussard v. Delchamps, Inc.*, 571 So.2d 855, 860 (La. App. 3d Cir. 1990), *writ denied*, 575 So.2d 370 (La. 1991). What is "equitable" can only be determined on a case-by-case basis, which necessarily requires a review of the facts involved. *Johnson v. Bucyrus-Erie Co.*, 476 So.2d 1074, 1075 (La. App. 3d 1985). See *Hughes v. Scottsdale Ins. Co.*, 35,043 (La. App. 2d Cir. 8/22/01), 793 So.2d 537, 549 ("We do not find the trial court's procedure of assessing court costs to be equitable as required under La. C.C.P. art. 1920.").

When each party is successful in part, the judicial tendency is to assess some of the court costs to each party. This approach is sometimes applied in tort cases to apportion costs in the same percentages as a comparative fault allocation. See Frank L. Maraist, *Judgments; court costs*, 1 La. Civ. L. Treatise, Civil Procedure § 12:4 (2d ed. 2021 update). For instance, in *Adams v. Rhodia, Inc.*, 2007-0897R (La. App. 1st Cir. 2/13/09), 5 So.3d 288, 291, this court concluded the trial court abused its discretion by inequitably assigning 98% of costs to a defendant found to be only 10% at fault. This court modified the assessment of costs to achieve a more equitable result, more reflective of the allocation of fault between the parties. *Adams*, 5 So.3d at 291.

Here, the trial court did not provide reasons for taxing LSU with the Colliers' court costs, and we find no equitable basis to tax costs against LSU in this instance. LSU's offer of judgment was made exclusive of costs, which the Colliers unequivocally accepted. By agreeing to a compromise, each party made concessions

13

to settle the dispute. See La. C.C. art. 3071. Thus, each party was successful in part, and the only equitable resolution is for each party to bear its own court costs.

Under the unique facts of this case, we find the trial court abused its discretion by inequitably entering judgment against LSU, ordering it to pay the Colliers' costs in the amount of $3,585.78, with interest from the date of judgment until paid, and erred by failing to order each party to bear its own costs.[11]

## DECREE

We reverse the August 2, 2023 judgment denying the motion for judgment on offer of judgment filed by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Michael "Clay" Crain, granting the cross-motion for judgment on offer of judgment filed by Eddie L. Collier, III and Terrell Collier, and rendering judgment in favor of the Colliers, and against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Michael "Clay" Crain in the amount of $120,000, together with legal interest from the date of judicial demand until paid, and court costs in the amount of $3,585.78 with legal interest from the date of judgment until paid.

We grant the motion for judgment on offer of judgment filed by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and Michael "Clay" Crain and render judgment in favor of Eddie L. Collier, III and Terrell Collier in the amount of $120,000, with each party to bear its own court costs incurred in the trial court. Each party shall also bear its own costs on appeal.

**REVERSED AND RENDERED.**

---

[11] In many instances where the apportionment of court costs is considered on appeal, there is an allocation of fault and/or a prevailing party. For instance, see *Reynolds v. Louisiana Department of Transportation*, 2015-1304 (La. App. 1st Cir. 4/13/16), 194 So.3d 56, 59; *Stewart v. City of Hammond*, 2020-0851 (La. App. 1st Cir. 3/29/21), 322 So.3d 1253, 1264; *Williams*, 341 So.3d at 856. Because there was neither an allocation of fault nor a prevailing party in this case, we rely on principles of equity.

14

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT

# DOCKET NUMBER
# 2023 CA 1211

## EDDIE L. COLLIER, III AND TERRELL COLLIER

## VERSUS

## BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, AND JOHN L. MILLER



**GREENE, J., dissenting.**

I respectfully dissent and think the trial court's judgment awarding legal interest and costs to the Colliers should be affirmed.

Because the Colliers accepted (rather than rejected) LSU's offer of judgment, I agree that La. C.C.P. art. 970(C) and (E)'s language does not determine whether LSU must pay interest and costs in this case. However, I do not think La. R.S. 13:4203 and La. C.C.P. art. 1920 control. Rather, I think the language of the parties' compromise agreement is the law between them and determines whether LSU is liable for interest and costs. *See* La. C.C. art. 1983. Parties are free to construct their own bargains, unless the bargain contravenes public policy. *CDI Corp. v. Hough*, 2008-0218 (La. App. 1 Cir. 3/27/09), 9 So.3d 282, 287-88. Thus, I would use applicable Louisiana Civil Code articles regarding interpretation of contracts to resolve the issue.

In the compromise offer, LSU offered as follows and the Colliers accepted as written:

> LSU hereby offers in judgment $120,000 inclusive of all damages, including but not limited to damages awarded for any claim which the plaintiffs, Eddie L. Collier, III and Terrell Collier, have against LSU, Clay Crain, and/or John Miller, exclusive of court costs, interest, attorney's fees, and any other amount which may be awarded to Eddie and Terrell Collier pursuant to statute or rule, and in full settlement of Eddie and Terrell Collier's claims for damages against LSU, Crain and/or Miller in the above referenced suit.

The above language includes multiple confusing and conflicting provisions that render it ambiguous. For example, the offer is "inclusive" of all damages, "exclusive" of court costs and interest, and "in full settlement" of the Colliers' claims.

I think these provisions create doubt that cannot be otherwise resolved – thus, I would construe them against LSU under two Civil Code principles. First, under La. C.C. art. 2056, doubtful text in a contract must be interpreted against the party who furnished the text. Second, under La. C.C. art. 2057, when the doubt arises from a lack of necessary explanation that one party should have given, the contract must be interpreted favorably to the other party. Here LSU provided the ambiguous text contained in the offer and is also the party who should have given the "necessary explanation" of exactly what amount of money was being included and excluded in full settlement of the Colliers' claims.

Thus, interpreting the compromise against LSU, I would use this Court's analysis from *Crawford*, 899 So.2d 668, 672, wherein we explained that "exclusive of" interest and costs means that interest and costs will be **over and above** the total amount of the settlement offer. I agree with the reasoning in *Crawford* and think the trial court correctly rendered judgment against LSU for $120,000, plus legal interest and costs.

Further, even if La C.C.P. art. 1920 does control as to costs, I disagree that the trial court abused its discretion in assessing costs in this case.