HARRISON, Judge Pro Tern.
The plaintiffs, Nicholas and David de-Berardinis, appeal from a trial court judgment denying their claim for costs, legal interest, and attorney fees arising from a dispute over the construction of a house for the original plaintiff, Patricia Ewing Hendrick.[1] The defendant is the builder of the house, Neff Construction, Inc. (“Neff’). For the following reasons, we affirm in part and reverse in part the trial court judgment.
FACTS
In April 1998, Mrs. Hendrick contracted with Benton Patterson, Jr., an architect, to design and construct a house in Shreveport. Testing at the house site showed that the soil was susceptible to wet and dry cycles. Extensive instructions were given for laying the type of foundation required to avoid cracking of the slab and walls. Mr. Patterson recommended Neff to Mrs. Hendrick to be the contractor and she accepted the recommendation. The house was substantially completed in May 1995.
Mrs. Hendrick alleged that cracks in the walls, buckling of the floors, and difficulty in opening and closing doors began almost immediately. Investigations were made in 1998 and 2004 to determine the cause of the continued development of separations in the drywall and exterior masonry.
The defendants alleged that the problems with the foundation of the house were caused by Mrs. Hendrick overwatering the flowerbeds. In 1998, at the recommendation of Mr. Patterson, Mrs. Hendrick installed additional surface drainage. However, problems with the house continued. Mrs. Hendrick claimed that the floors began to dome and mold developed in the house. She asserted that inspections in 2004 and 2005 showed that the foundation and roofing systems were improperly designed and constructed.
Mrs. Hendrick filed suit in May 2005, under the New Home Warranty Act contained in La. R.S. 9:3141 et seq., naming Neff and Mr. Patterson as defendants. She sought to recover $843,386.97 paid to Neff for construction, $81,654.25 paid to Neff for repair of deficiencies in the house, and $65,870 paid to Mr. Patterson. Mrs. Hendrick also sought to recover legal interest from the date of first demand or from the date of judicial demand until paid, together with all costs of these pro *478 ceedings, including but not limited to expert fees and expenses and reasonable attorney fees.
The plaintiffs filed a motion for partial dismissal as to Mr. Patterson, which was granted by the trial court in June 2010. The plaintiffs’ rights against Neff were preserved.
In September 2010, Neff made an offer of judgment to the plaintiffs under La. C.C.P. art. 970. The relevant portion of the offer stated, “In accordance with Louisiana Code of Civil Procedure Article 970, my client, Neff Construction, Inc., is making an offer of judgment to your clients in the total amount of $125,000.00, exclusive of costs, interest and attorney fees.” The plaintiffs accepted the offer of judgment and filed a motion to have the trial court enter a judgment in their favor against Neff.
Because Neff had consented to the entry of judgment against it, and its offer of judgment was exclusive of attorney fees, costs, and interest, the plaintiffs also filed a rule to show cause why these items should not be assessed against Neff. The plaintiffs alleged that, under the New Home Warranty Act, they were entitled to these items. In their pleading, the plaintiffs claimed attorney fees, litigation costs and expenses, and expert fees necessitated by facts of the case, “together with legal interest from the date of judgment until paid.”
Neff contended that it intended its offer to be in settlement of all claims between the parties and that it did not intend for the plaintiffs to be able to recover any additional amounts. After a hearing, the trial court denied the plaintiffs’ motion for judgment on the offer of judgment. The trial court reasoned that an offer of judgment, if properly accepted, constitutes a compromise under La. C.C. art. 3071 et seq. A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended at the time the compromise was reached. The mutual consent of the parties is critical to the existence of a valid compromise. The trial court noted that Neff’s offer of judgment specified that the total amount of $125,000 was exclusive of costs, interest, and attorney fees. The plaintiffs accepted the offer as written and stated that the amount offered would satisfy all the plaintiffs’ claims except those for legal interest on the amounts due, as well as costs, expenses, and attorney fees. The trial court found that the parties entered into a compromise without a common intent as to whether Neff would be responsible for additional claims. There was no meeting of the minds as to the total amount to be paid by Neff at the time when the compromise was entered into; therefore, there was no valid compromise. The trial court noted that the amount of costs, interest, and attorney fees sought by the plaintiffs is more than the amount offered in the settlement. According to the trial court, to award double the amount of the offer by adding interest, costs, and attorney fees would be an absurd result not intended by the parties at the time of the compromise. The trial court found that the offer of judgment was not a valid compromise and was unenforceable.
The plaintiffs filed for a writ of review of the denial of their motion for judgment on offer of judgment. In January 2011, this court granted the writ and remanded the matter for entry of judgment in accordance with the accepted offer made pursuant to La. C.C.P. art. 970. This court found that the plain meaning of the offer was that the $125,000 did not include the costs, interest, and attorney fees. The matter was remanded to the trial court for a hearing and assessment by the trial court of these additional amounts.
*479 On March 4, 2011, this court denied Neffs application for rehearing, with one judge dissenting. Neffs application for writs to the Louisiana Supreme Court was denied.
In compliance with this court’s instructions, on February 8, 2012, the trial court signed a judgment in favor of the plaintiffs and against Neff for $125,000. A hearing was held on February 8, 2012, on the issue of attorney fees, costs, and interest.
The trial court granted the plaintiffs’ claims for all fees and costs paid to the clerks of court. The trial court granted the plaintiffs’ demand for legal interest on the judgment in the amount of $125,000 until paid, running from the date of judgment. The trial court denied the plaintiffs’ claims for | attorney fees, and any and all other expenses and fees. All other relief prayed for and not granted was denied.
In reasons for judgment, the trial judge stated that, although she was not the original trial court judge in this matter, she understood why the original judge found that there was no meeting of the minds on the offer of judgment. She concurred in this assessment.
The trial court reasoned that an offer of judgment and the judgment signed in connection with it are not admissions of liability. The trial court held that, absent a finding of legal liability under the New Home Warranty Act, there is no statutory or legal basis for an award of attorney fees.
Because there was no trial in this matter, the trial court found that the plaintiffs were not entitled to expert fees or expenses. According to the trial court, in the pretrial conference, the plaintiffs candidly acknowledged that they realized expert witness fees were probably not recoverable under the law.
The trial court determined that the plaintiffs were entitled only to court costs paid to the trial and appellate courts. All other items claimed as costs were litigation expenses not authorized to be recoverable by statute or jurisprudence.
Regarding legal interest, the trial court observed that, in their rule to tax costs and assess attorney fees, the plaintiffs requested legal interest only from the date of judgment until paid. Therefore, legal interest on the $125,000, was awarded only from the date of judgment, as prayed for. The plaintiffs appealed.
ATTORNEY FEES
The plaintiffs maintain that the trial court erred in denying their claim for attorney fees under the New Home Warranty Act and La. C.C.P. art. 970. The plaintiffs argue that the trial court erred in finding that the entry of judgment on the offer of judgment did not admit liability which would entitle the plaintiffs to attorney fees and costs under the New Home Warranty Act. The plaintiffs urge that an offer of judgment is distinguishable from an offer of settlement. They contend that, while making an offer of judgment is not an admission of liability, if the offer is accepted, the judgment results in a finding of liability. The plaintiffs argue that the New Home Warranty Act allows attorney fees where a builder violates the Act. The plaintiffs maintain that this court should reverse the decision of the trial court and render a decision based on the record. The plaintiffs contend that we have sufficient evidence in the record to render a decision granting their claims. These arguments are without merit.
Discussion
La. C.C.P. art. 970 provides:
A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of *480 liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.
B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.
C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror’s costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
D. The fact that an offer is made but not accepted does not preclude a subsequent offer or a counter offer. When the liability of one party to another has been determined by verdict, order, or judgment, but the amount or extent of the damages remains to be determined by future proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than thirty days before the start of hearings to determine the amount or extent of damages.
E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.
F. A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.
Most cases construing La. C.C.P. art. 970 deal with the award of costs after an offer of judgment is rejected, the matter is tried on the merits, and the award is at least 25 percent less than the amount offered by the defendant-offeror or is at least 25 percent greater than the amount offered by the plaintiff-offeror. See Edwards v. Daugherty, 98-635 (La.App. 3d Cir.6/9/99), 736 So.2d 345, writ denied, 1999-2034 (La.9/17/99), 747 So.2d 568; Heid v. Aubert, 2002-1486 (La.App. 1st Cir.5/9/03), 845 So.2d 625; Suprun v. Louisiana Farm Bureau Mutual Insurance Company, 2009-1555 (La.App. 1st Cir.4/30/10), 40 So.3d 261. In the present case, the issue is whether the plaintiffs are entitled to costs, interest, and attorney fees where the offer of judgment is accepted.
The plaintiffs contend that, under La. C.C.P. art. 970, because Neff made the offer exclusive of costs, interest, attorney fees, and any other amount which may be *481 awarded pursuant to statute or rule, they could seek to recover those amounts in addition to the amount of the offer. We have examined La. C.C.P. art. 970, dealing with offers of judgment and stating that such an offer shall specify whether the offer is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Under the laws of statutory interpretation, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12.
In this matter, we find that La. C.C.P. art. 970 must be read as a whole. La. C.C.P. art. 970(A) states that an offer of judgment shall specify the total amount of money of the settlement offer and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, or any other amount which may be awarded pursuant to statute or rule. If an offer of judgment is refused, the matter goes to trial on the merits, and the final judgment obtained by the plaintiff-offeree is at least 25 percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least 25 percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror’s costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court. La. C.C.P. art. 970(C).
La. C.C.P. art. 970(E) provides the method for calculating this amount. According to that subsection, for purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer. La. C.C.P. art. 970(E) only comes into play after there has been a trial on the merits and a finding of liability under the applicable statute or rule. In such a case, whether the offer of judgment was inclusive or exclusive of costs, interest, attorney fees, or any other amount which may be awarded pursuant to statute or rule, determines whether these amounts are added to the principal amount of the offer to calculate whether the final judgment is 25 percent less than the offer made by the defendant-offeror or is 25 percent greater than the offer made by the plaintiff-offeror. This was not the scenario in this case. Neffs offer, made exclusive of costs, interest, or attorney fees, did not entitle the plaintiffs to recover those amounts without a finding of liability under the New Home Warranty Act.
The plaintiffs cite Crawford v. United Services Automobile Association, 2003-2117 (La.App. 1st Cir.3/24/05), 899 So.2d 668, in support of their argument that costs are due in this case because the offer of judgment was made exclusive of costs, interest, and attorney fees. In Crawford, the plaintiff was involved in auto accidents in 1994 and 1995. He filed two separate *482 suits against his insurer, United Services Automobile Association (“USAA”), seeking to recover under the underinsured/unin-sured motorist and medical payment coverage of his policy. The matters were consolidated and the plaintiff filed a motion for summary judgment on the issue of liability and coverage. The trial court granted the summary judgment in part, finding that the plaintiff established liability as to the 1994 accident, but failed to establish liability for the 1995 accident. The court found that the plaintiff had proved coverage on both accidents, subject to a credit for the amounts already paid by USAA. During the course of the proceedings, the parties jointly stipulated liability in favor of the plaintiff as to the 1995 accident, the percentage of penalties and attorney fees due on any damage award, and how the post-verdict calculations were to be performed.
USAA sent the plaintiff an offer of judgment for $250,000, exclusive of all costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute, rule, or stipulation. The plaintiff accepted the offer and faxed a letter to USAA specifying the amount demanded, $250,000, but also including amounts for penalties, attorney fees, and legal interest. USAA indicated that there was a misunderstanding as to the terms of the offer of judgment, that it did not intend to pay any more than $250,000, and that it intended to reduce that amount by the sums it had already paid.
The trial court gave USAA a credit for sums already paid and made an award of penalties and attorney fees. The first circuit reversed the trial court decision, analyzing the offer of judgment under the rules for a transaction or compromise. The court discussed the language in the offer of judgment specifying that the offer was “exclusive of all costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute, rule, or stipulation.” In finding that USAA was required to pay amounts in addition to $250,000 offered, the first circuit cited Nichols v. Alonzo, 575 So.2d 403 (La.App. 4th Cir.1991), writ denied, 577 So.2d 3 (La.1991), interpreting the phrase “exclusive of interest and costs” as used in La. R.S. 32:900, a statute defining “Motor Vehicle Liability Policy.” The court in Crawford found that by the use of the word “exclusive,” any other amount which may be awarded pursuant to statute, rule, or stipulation meant any additional award to which the plaintiff might be entitled beyond the total amount of the settlement offer, plus costs, interest and attorney fees. The first circuit then found that USAA was not entitled to reduce the total amount of the settlement offer by previously determined credits. The court ordered USAA to pay the entire $250,000, as well as penalties, attorney fees, legal interest, and costs.
The facts in Crawford are distinguishable from those in the present case. In Crawford, the defendant’s liability to the plaintiff had been established by the granting of a motion for summary judgment and a joint stipulation as to liability. Also, the parties stipulated that the plaintiff was entitled to attorney fees according to a set formula.
In the present case, there has been no determination of liability by a trier of fact, no entry of summary judgment in favor of the plaintiffs, and no stipulation as to liability. There is no agreement in this case regarding the calculation of attorney fees. Whether the plaintiffs are entitled to costs, interest and attorney fees rests upon whether the acceptance of the offer of judgment resulted in a judgment against Neff establishing its liability under the New Home Warranty Act. The relevant *483 portion of that statute, La. R.S. 9:3149(A) provides:
If a builder violates this Chapter by failing to perform as required by the warranties provided in this Chapter, any affected owner shall have a cause of action against the builder for actual damages, including attorney fees and court costs, arising out of the violation. The damages with respect to a single defect shall not exceed the reasonable cost of repair or replacement necessary to cure the defect, and damages with respect to all defects in the home shall not exceed the original purchase price of the home.
In order for the plaintiffs to be entitled to attorney fees and costs under the New Home Warranty Act, the judgment entered in this case under La. C.C.P. art. 970 must constitute a finding that Neff violated the Act, resulting in liability on the part of Neff. The jurisprudence of this state holds that the entry of a judgment on an offer of judgment under La. C.C.P. art. 970 incorporates the relevant portion of the statute “without any admission of liability.” Hamilton v. Louisiana Casino Cruises, Inc., 1999-1147 (La.App. 1st Cir.6/10/00), 828 So.2d 1, writ denied, 2000-2373 (La.11/17/00), 774 So.2d 973. In Hamilton, the defendant made an offer of judgment under La. C.C.P. art. 970, which was accepted by the plaintiff. In discussions regarding the judgment to be submitted to the court for signature, the defendant desired to have the phrase “without any admission of liability” included in the judgment. The appellate court affirmed the trial court judgment finding that the citation to the article was sufficient to express that the judgment was without any admission of liability.
In this case, we find that the offer of judgment and the judgment entered after the offer of judgment was accepted did not result in a finding of liability on the part of Neff. Therefore, there is no finding that Neff violated the New Home Warranty Act and the plaintiffs are not entitled to recover attorney fees and costs under that statute.
La. C.C.P. art. 970 has been found by some courts of this state to be a modified yersion of Rule 68 of the Federal Rules of Civil Procedure. See Edwards v. Daugherty, supra. We find that there are significant differences which preclude the application of federal jurisprudence in this matter. The federal rule provides:
(a) Making an Offer;. Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evk dence of an unaccepted offer is not admissible except in a proceeding to determine costs.
(c) Offer After Liability is Determined. When one party’s liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time — but at least 14 days — before the date set for a hearing to determine the extent of liability.
(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree *484 must pay the costs incurred after the offer was made. [Emphasis supplied.]
La. C.C.P. art. 970 specifies that the offer of judgment is not an admission of liability. Rule 68 does not contain such language. La. C.C.P. art. 970 states that an offer of judgment shall specify whether the offer is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Rule 68 requires that all offers of judgment include “costs then accrued.” In Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court stated that the phrase “costs” includes all costs that are properly awardable in an action. Where the underlying statute defines “costs” to include attorney fees, such fees are to be included as costs for the purpose of Rule 68. The Supreme Court in Marek specified that, if an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs. If the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs. Because Louisiana’s rule on offer of judgment, is significantly different from Rule 68, as applied to this case, we find that federal jurisprudence regarding the award of attorney fees when an offer of judgment is accepted is not applicable here.
INTEREST
The plaintiffs argue that the trial court erred in awarding them interest on the principal amount of the judgment only from the date of the rendition of the judgment rather than from the date of judicial demand. According to the plaintiffs, the trial court made the award of interest only from the date of judgment based upon their rule to tax costs and assess attorney fees, but failed to recognize that the motion for judgment on the offer of judgment requested legal interest from the date of judicial demand. The plaintiffs assert that the trial court was required to award legal interest from the date of judicial demand on the principal amount of the judgment. This argument has merit.
Discussion
In this case, the trial court found that La. C.C.P. art. 970 is a penalty statute, to be strictly construed, and the plaintiffs were bound by the prayer in their motion. We observe that the penalty provision in La. C.C.P. art. 970 is triggered when an offer of judgment is refused, the matter goes to trial, and the final judgment obtained by the plaintiff-offeree is at least 25 percent less than the amount of the offer of judgment made by the defendant-offer- or, or if the final judgment obtained against the defendant-offeree is at least 25 percent greater than the amount of the offer of judgment made by the plaintiff-offeror. In such a ease, the offeree must pay the offeror’s costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court. La. C.C.P. art. 970 is punitive and its function is to compensate the rejected offeror who was forced to incur greater trial litigation costs which could have been avoided if the offer-ee had not acted unreasonably in rejecting the offer. Edwards v. Daugherty, supra; Held v. Aubert, supra. This is not the scenario in this case; the penalty provision was not triggered.
We find a distinction between the date upon which interest is due on the principal demand and the date upon which interest is due on penalties and attorney fees. Attorney fees and penalties are nev *485 er automatically assessed against the defeated party, but rather are awarded only when the statutory requirements for such are met. Because awards of penalties and attorney fees are not automatic, but rather rest with the discretion of a factfinder, they become due, if at all, only on the date of their award; thus, such awards may not earn interest until after that date. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382; Sher v. Lafayette Insurance Company, 2007-2441, 2007-2443 (La.4/8/08), 988 So.2d 186, rehearing in part, (La.7/7/08), 988 So.2d 186.
Regarding interest on the principal demand, we note that La. C.C.P. art. 1921 provides that legal interest which is not prayed for or provided by law cannot be awarded on appeal. A judgment may and should include an award of legal interest on the principal amount of the judgment where legal interest is authorized by code article or statute even though it is not prayed for. La. C.C.P. art. 862; Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2d Cir.1987), writs denied, 515 So.2d 447, 451 (La.1987); Rollison v. Rollison, 541 So.2d 375 (La.App. 2d Cir.1989). Legal interest is due on all sums which are the object of a judicial demand. La. R.S. 9:3500; Mini Togs Products, Inc. v. Wallace, supra; Rollison v. Rollison, supra. A party’s recovery of legal interest is not limited by his prayer for relief. Fabiano v. Bryan, 438 So.2d 719 (La.App. 2d Cir.1983); Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978).
The plaintiffs originally requested interest on their claims from the date of judicial demand. In a later pleading, the rule to tax costs and attorney fees, they properly requested interest on costs and attorney fees from the date of judgment. The plaintiffs are entitled to interest on the principal demand from the date of judicial demand. They would have been entitled to interest from this date even if they had not prayed for it in their pleadings. Therefore, we find that the trial court erred in awarding interest only from the date of judgment. We reverse that portion of the trial court judgment and order that interest is due to the plaintiff on the principal amount of the judgment, $125,000, from the date of judicial demand, May 10, 2005.
EXPERT WITNESS FEES AND COSTS
The plaintiffs maintain that the trial court erred in denying their claims for expert witness fees and costs related to depositions under the New Home Warranty Act and La. C.C.P.. art. 970. The trial court denied the expert witness fees and deposition costs because there was no trial in this matter. The plaintiffs argue that they would have been entitled to these items if they had been successful at trial. Therefore, because they have a judgment against Neff, they claim they are still entitled to recover for these items. In a related argument, the plaintiffs assert that they are entitled to interest on attorney fees and costs related to expert fees and depositions from the date of award of those fees and costs. These arguments are without merit.
Discussion
La. R.S. 13:4533 provides that the costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs. Expert witness fees for testifying at trial and for time spent preparing for that testimony are recoverable. The costs of depositions “used at trial” are recoverable. However, to be considered “used at trial” for purposes of La. R.S. 13:4533, a deposition must be introduced and accept *486 ed into evidence. Thus, the costs of depositions that are not used at trial, including the fee of the deponent giving the deposition and the court reporter fees, are not taxable as costs. Succession of Franz, 242 La. 875, 139 So.2d 216 (1962); Morris & Dickson Co., Inc. v. Jones Brothers Co., Inc., 29,379 (La.App.2d Cir.4/11/97), 691 So.2d 882, writ denied, 1997-1259 (La.9/5/97), 700 So.2d 509; Watters v. Department of Social Services, 2008-0977 (La.App. 4th Cir.6/17/09), 15 So.3d 1128, writs denied, 2009-1651, 2009-1638 (La.10/30/09), 21 So.3d 291, 293; Russell v. Snelling Personnel, 2001-2134 (La.App. 1st Cir.10/9/02), 835 So.2d 672.
As discussed above, the judgment entered on the offer of judgment in this case did not amount to a finding of liability on the part of Neff sufficient to trigger the provisions of the New Home Warranty Act. Further, there was no trial in this matter. Therefore, the plaintiffs were not entitled to recover for expert witness fees and costs related to depositions which were not introduced into evidence. The trial court did not err in refusing to award these fees and costs. We also find that, because they were not entitled to them, the trial court did not err in refusing to award interest on attorney fees and on costs related to expert fees and depositions.
PAROL EVIDENCE
The plaintiffs urge that the trial court erred in allowing testimony about the colloquy between the attorneys regarding the written irrevocable offer of judgment. At the hearing, the plaintiffs objected to testimony regarding conversations between their attorney and the attorney for Neff on the grounds that the language in the offer of judgment was clear and unambiguous and therefore, parol evidence was not admissible. This argument is without merit.
Discussion
The plaintiffs objected at the hearing to questions posed to the attorney for the plaintiffs regarding discussions with the attorney for Neff concerning the offer of judgment and what rights the plaintiffs had to recover more than the $125,000 offered. The trial court stated that it would allow the testimony because it was germane on the issue of whether there were discussions about additional costs.
The plaintiffs cite La. C.C. art. 1848 in support of their argument that the trial court erred in allowing testimony about the understanding of the parties concerning the offer of judgment. The article provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement.
Parol or extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous. A contract is considered ambiguous on the issue of intent when either it lacks a provision on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed. Whether a contract is ambiguous is a question of law. Miller v. Miller, 44,163 (La.App.2d Cir.1/14/09), 1 So.3d 815.[2]
*487 We find that the trial court in this matter did not err in allowing the testimony. We also note that, even if the testimony was not admissible, the plaintiffs were not prejudiced by it. Our decision in this matter is not based upon that testimony. Rather, our decision rests upon La. C.C. art. 970 and the jurisprudence construing it.
EXPERT TESTIMONY
The plaintiffs argue that the trial court erred in failing to admit the testimony and report of their expert, Ricky Soot-er. Mr. Sooter was offered as an expert in the nature of New Home Warranty Act litigation and construction litigation to establish how much of the lawyer’s time was attributable to the case against Neff. This argument is without merit.
Discussion
The parties stipulated as to the reasonableness of the attorney fees claimed and the amount of time spent by the plaintiffs’ attorney on the ease. Therefore, the trial court found there was no need to have Mr. Sooter testify. This finding was correct. Also, as noted above, the plaintiffs are not entitled to attorney fees in this case. Therefore, any arguments the plaintiffs have regarding the failure to allow Mr. Sooter to testify as to attorney fees are moot.
CONCLUSION
For the reasons stated above, we affirm those portions of the trial court judgment denying the plaintiffs’ claims for attorney fees, expert witness fees and costs, and interest on attorney fees, expert witness fees, and deposition costs, and allowing evidence concerning the agreement between the parties. We reverse that portion of the trial court judgment awarding the plaintiffs judicial interest only from the date of judgment. We order that Neff is to pay judicial interest on the principal judgment, $125,000, from the date of judicial demand. Costs in this court are assessed one-half to the plaintiffs, Nicholas deBerardinis and David deBerardinis, and one-half to the defendant, Neff Construction, Inc.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, LOLLEY, MOORE and HARRISON (Pro Tempore), JJ.
| Rehearing denied.

. Mrs. Hendrick passed away in December 2008. Her sons, Nicholas and David deBer-ardinis, were substituted in her place as plaintiffs.

. In Crawford v. United Services Automobile Association, supra, the court considered parol *487 evidence concerning the intent of the parties. However, there was no objection that the evidence was improperly admitted. We are aware of Abushanab v. St. Charles Gaming Co., Inc., 2012-155 (La.App. 3d Cir. 11/7/12), 103 So.3d 1197, which held that ambiguities in an offer of judgment are to be construed against the offeror and that extrinsic evidence is not admissible. The case has not yet been released for publication in the permanent law reports. We do not find the reasoning of Abushanab to be persuasive under the facts presented here.