CHEHARDY, C.J.
Plaintiffs, Lucien and Laura Dauterive, appeal the district court's July 24, 2017 judgment sustaining the peremptory exception of prescription and dismissing with prejudice their redhibition claims against defendants, Tile Redi, LLC, Tile Redi Manager, Inc., and Maryland Casualty Company.[1] For the reasons that follow, we *804 find plaintiffs are entitled to relief and reverse this judgment of the district court.
FACTUAL AND PROCEDURAL HISTORY
In the process of rebuilding their home following Hurricane Katrina, plaintiffs purchased a custom shower pan for their shower enclosure from Tile Redi on March 3, 2007 and installed it themselves according to the manufacturer's drawings and specifications provided by Tile Redi. Four years later, on April 29, 2011, plaintiffs discovered that the shower pan had been leaking through pinholes in the side of the pan. The leak caused water damage to nearby wood, attracting termites and compounding the damage. Plaintiffs sent photographs of the damage to Tile Redi, complaining that a manufacturing defect of the shower pan was the cause of the damage. Thereafter, Tile Redi allegedly accepted the shower pan for repairs, but did not resolve the complaint before plaintiffs filed suit on April 26, 2012, in which they raised an action in redhibition, alleging that the pinholes in the shower pan constituted a redhibitory defect. They sought rescission of the sale, restitution of the purchase price, and damages in excess of $50,000 for repairs of the property, relocation expenses, and emotional distress. They also sought costs and attorney's fees.
Tile Redi, a company domiciled in Florida, was served and excepted to the lawsuit on the grounds of lack of personal jurisdiction. After this was resolved in plaintiffs' favor, Tile Redi filed its answer on November 14, 2012. Discovery ensued and trial was set for July of 2017. Prior thereto, Tile Redi pled the peremptory exception of prescription on July 10, 2017, arguing that because Tile Redi was not the manufacturer of the shower pan, plaintiffs' action was prescribed pursuant to La. C.C. art. 2534(A)(1). In response, plaintiffs maintained that La. C.C. art. 2534(A)(1) did not control and that their action was not prescribed on the face of the petition because they had alleged that Tile Redi was both the seller and manufacturer of the shower pan, and was therefore deemed to know of redhibitory defects pursuant to La. C.C. art. 2545.[2] As a result, La. C.C. art. 2534(B) controlled and their claim was not prescribed.
At the hearing on the exception on July 12, 2017, no evidence was introduced by either party and the district court sustained the exception of prescription. In its written judgment that followed on July 24, 2017, the court dismissed plaintiffs' claims against Tile Redi with prejudice. Plaintiffs moved for a new trial, which was denied, and thereafter devolutively appealed the district court's judgment of July 24, 2017.
DISCUSSION
On appeal, plaintiffs assign as error the district court's judgment sustaining Tile Redi's peremptory exception of prescription.
When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Specialized Loan Servicing, L.L.C. v. January , 12-2668 (La. 6/28/13), 119 So.3d 582, 584. If, on the other hand, evidence is not introduced at the hearing on the exception, and the issue before the court is the interpretation of the prescriptive statute, the case presents a question of law that is subject to the de novo standard of review. See id. ;
*805 Halliburton Energy Servs. v. Bossier Par. Bd. of Review , 50,734 (La. App. 2 Cir. 8/10/16), 200 So.3d 385, 386. In the latter scenario, without introduction of evidence, the exception of prescription must be decided on the facts as alleged in the petition with all allegations therein accepted as true. See Tenorio v. Exxon Mobil Corp. , 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 273, writ denied , 15-1145 (La. 9/18/15), 178 So.3d 149. Ordinarily, the exceptor bears the burden of proof on the peremptory exception; however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Id. at 273-74.
Here, plaintiffs' petition asserted a cause of action in redhibition, wherein they alleged that the shower pan had redhibitory defects and that Tile Redi, as both the seller and manufacturer of the pan, was deemed to have knowledge of those defects pursuant to La. C.C. art. 2545.
The prescriptive period for actions in redhibition is governed by La. C.C. art. 2534. It provides:
A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
(2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.
Tile Redi asserted, and the district court agreed, that plaintiffs' claim was prescribed pursuant to La. C.C. art. 2534(A)(1). By contrast, plaintiffs argued that because Tile Redi was both the seller and manufacturer of the shower pan, by operation of La. C.C. art. 2545, Tile Redi is deemed to have knowledge of redhibitory defects, and La. C.C. art. 2534(B) governs their claim. Under this provision, they contended their claim was not prescribed on the face of their petition.
Tile Redi, as the exceptor, bore the burden of proof on the exception, yet neither party presented evidence at the hearing. Thus, accepting as true the facts as alleged in the petition, Tile Redi was both the seller and manufacturer of the shower pan, and plaintiffs' action is governed by La. C.C. art. 2534(B). Under this provision, plaintiffs' action is not prescribed because it was filed within one year of the discovery of the alleged defect. Upon our de novo review, we conclude the district court erred in concluding otherwise.
DECREE
For the foregoing reasons, we reverse the district court's July 24, 2017 judgment sustaining the peremptory exception of prescription and dismissing with prejudice Lucian and Laura Dauterive's claims against Tile Redi, LLC, Tile Redi Manager, Inc., and Maryland Casualty Company.
REVERSED

Tile Redi, LLC and Tile Redi Manager, Inc. are collectively referred to herein as "Tile Redi."

La. C.C. art. 2545 : "A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing."