LUCIEN H. DAUTERIVE AND
LAURA A. DAUTERIVE

VERSUS

TILE REDI, LLC AND TILE
REDI MANAGER, INC.

NO. 20-CA-96

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 714-155, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING


October 05, 2020


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Robert A. Chaisson


**AFFIRMED**
   **JGG**
   **SMC**
   **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
LUCIEN H. DAUTERIVE AND LAURA A. DAUTERIVE
    Stephen J. Caire

COUNSEL FOR DEFENDANT/APPELLEE,
TILE REDI, LLC, TILE REDI MANAGER, INC.,
AND MARYLAND CASUALTY COMPANY
    Jack E. Truitt
    Lou Anne Milliman
    Michelle Mayne Davis
    Nancy N. Butcher
    Lauren A. Duncan

**GRAVOIS, J.**

Plaintiffs/appellants, Lucien and Laura Dauterive, appeal the trial court's

granting of partial summary judgment in favor of defendants/appellees, Tile Redi,

LLC, Tile Redi Manager, Inc., and Maryland Casualty Company.  For the reasons

that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying facts in this matter were set forth in a prior appeal:

> In the process of rebuilding their home following Hurricane
> Katrina, plaintiffs purchased a custom shower pan for their shower
> enclosure from Tile Redi on March 3, 2007 and installed it themselves
> according to the manufacturer's drawings and specifications provided
> by Tile Redi.  Four years later, on April 29, 2011, plaintiffs
> discovered that the shower pan had been leaking through pinholes in
> the side of the pan.  The leak caused water damage to nearby wood,
> attracting termites and compounding the damage.  Plaintiffs sent
> photographs of the damage to Tile Redi, complaining that a
> manufacturing defect of the shower pan was the cause of the damage.
> Thereafter, Tile Redi allegedly accepted the shower pan for repairs,
> but did not resolve the complaint before plaintiffs filed suit on April
> 26, 2012, in which they raised an action in redhibition, alleging that
> the pinholes in the shower pan constituted a redhibitory defect.  They
> sought rescission of the sale, restitution of the purchase price, and
> damages in excess of $50,000 for repairs of the property, relocation
> expenses, and emotional distress.  They also sought costs and
> attorney's fees.

*Dauterive v. Tile Redi*, *LLC*, 17-606 (La. App. 5 Cir. 4/25/18), 246 So.3d 802, 804.

Pertinent to this appeal, trial on the merits was set for September 11, 2019.

However, on July 11, 2019, Tile Redi made the following written offer of

judgment to plaintiffs:

> Pursuant to the provisions and benefits of Article 970 of the
> Louisiana Code of Civil Procedure, an offer of judgment, in the
> amount of $25,000.00, is hereby made on behalf of defendants, Tile
> Redi, LLC, Tile Redi Manager, Inc., and Maryland Casualty
> Company, without any admission of liability and is made for the
> purpose of settling all claims between your clients, Lucien H.
> Dauterive and Laura A. Dauterive, and defendants, Tile Redi, LLC,
> Tile Redi Manager, Inc., and Maryland Casualty Company, in
> connection with the above captioned litigation.  Furthermore, the offer
> of $25,000.00 shall be exclusive of costs, interest, attorney's fees, and
> any other amount which may be awarded pursuant to statute or rule.

Plaintiffs accepted the offer of judgment on July 18, 2019, and on July 24, 2019, they filed a Motion for Judgment on the Offer of Judgment. The trial court subsequently granted the Motion for Judgment on the Offer of Judgment.

On August 27, 2019, Tile Redi filed a "Motion for Partial Summary Judgment on Attorney's Fees, Costs, and Judicial Interest." Tile Redi asserted that plaintiffs are not entitled to recover attorney's fees, costs, and judicial interest in this matter because there has been no finding or admission of liability. Referencing *Hendrick v. Patterson*, 47,668 (La. App. 2 Cir. 1/16/13), 109 So.3d 475, *writ denied*, 13-0670 (La. 4/26/13), 112 So.3d 849, Tile Redi argued that plaintiffs are seeking attorney's fees pursuant to La. C.C. art. 2545, a redhibition statute; however, attorney's fees are only recoverable pursuant to La. C.C. art. 2545 when there has been a liability determination. Tile Redi asserted that there has been no liability determination in this case since the offer of judgment clearly states that it did not constitute an admission of liability. Further, the offer of judgment clearly states that the offer of judgment was exclusive of costs, interest, and attorney's fees. Tile Redi included, in support, an email it sent to plaintiffs' counsel prior to their filing of the Motion for Judgment on the Offer of Judgment that stated that the offer of judgment was for "$25,000 and no more." Finally, Tile Redi claimed that costs and judicial interest should only be awarded to a prevailing party and are not owed here.

In opposition to the motion for partial summary judgment, plaintiffs argued that this Court's holding in *Dauterive*, *supra*, is the law of the case.[1] Plaintiffs also

---

[1] In this argument, plaintiffs referenced the following excerpt from *Dauterive*:

> Tile Redi asserted, and the district court agreed, that plaintiffs' claim was prescribed pursuant to La. C.C. art. 2534(A)(1). By contrast, plaintiffs argued that because Tile Redi was both the seller and the manufacturer of the shower pan, by operation of La. C.C. art. 2545, Tile Redi is deemed to have knowledge of redhibitory defects, and La. C.C. art. 2534(B) governs their claim. ... Upon our *de novo* review, we conclude the district court erred in concluding otherwise.
>
> *Id*. at 805.

See discussion of this issue *infra*.

filed "Plaintiffs' Notice of Attorney Fees Claimed" to give notice that the total costs, expenses, and attorney's fees they would claim at the hearing on the partial motion for summary judgment is $115,627.95.

A hearing on the motion for partial summary judgment was held on November 18, 2019. After taking the matter under advisement, the trial court signed a written judgment that same day granting Tile Redi's motion for partial summary judgment, which judgment stated that plaintiffs are not entitled to recover attorney's fees, costs, and judicial interest. The judgment further dismissed the matter in its entirety with prejudice.

This appeal followed. On appeal, plaintiffs argue that the trial court erred in granting Tile Redi's motion for partial summary judgment because Tile Redi failed to meet its burden of showing that it was entitled to judgment as a matter of law. Specifically, plaintiffs argue that: 1) Tile Redi failed to demonstrate that the express terms of the offer of judgment excluded any requirement that it pay costs, attorney's fees, interest, or any other amounts allowed by statute or rule; 2) Tile Redi failed to demonstrate as a matter of law that plaintiffs were not entitled to recover costs, attorney's fees, interest, or any other amounts allowed by statute or rule because there has been no finding or admission of liability, and that Tile Redi erroneously asserted that *Hendrick* was directly on point; and 3) Tile Redi failed to cite any authority for or provide any argument in support of their assertion that costs and judicial interest should be awarded only to a prevailing party.[2]

## LAW AND ANALYSIS

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled

---

[2] Because the assignments of error are interrelated, we consider them together.

to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).

On appeal, our review of summary judgments is *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co.*, 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Breaux v. Fresh Start Properties*, *L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.

The offer of judgment, which is quoted in full above, specifically provides the following with respect to costs, interest, and attorney's fees:

> … Furthermore, the offer of $25,000.00 shall be *exclusive of* costs, interest, attorney's fees, and any other amount which may be awarded pursuant to statute or rule. (Emphasis added.)

In its motion for partial summary judgment, Tile Redi asserted that under the express terms of the offer of judgment, the offer of judgment excluded attorney's fees, costs, judicial interest, or any other amounts allowed by statute or rule. Plaintiffs argue on appeal that Tile Redi did not provide any legal citation, legal argument, or factual support for its argument that the "exclusive of" provision of

the offer of judgment should be interpreted as meaning that the offer excluded or otherwise precluded the award of costs, interest, attorney's fees and any other amount which may be awarded pursuant to statute or rule. Plaintiffs argue that under the language of the offer of judgment and supporting jurisprudence, the offer of judgment did not limit Tile Redi's liability to $25,000.00 or preclude the award of these additional amounts to plaintiffs. For the first time on appeal, relying on *Crawford v. United Serv. Auto. Ass'n*, 03-2117 (La. App. 1 Cir. 3/24/05), 899 So.2d 668, plaintiffs argue that the "exclusive of" language of a La. C.C. art. 970 offer of judgment means costs, interest, attorney's fees, or any other amount that may be awarded by statute or rule will be over and above the total amount of the settlement offer.

Louisiana Code of Civil Procedure art. 970 provides:

A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.

B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.

C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.

D. The fact that an offer is made but not accepted does not preclude a subsequent offer or a counter offer. When the liability of one party

to another has been determined by verdict, order, or judgment, but the amount or extent of the damages remains to be determined by future proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than thirty days before the start of hearings to determine the amount or extent of damages.

E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

F. A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.

It has been established that the function of La. C.C.P. art. 970 is to compensate the rejected offeror who was forced to incur greater trial litigation costs than he would have if the offeree had accepted his settlement offer. *Hacienda Construction, Inc. v. Newman*, 10-18 (La. App. 5 Cir. 6/29/10), 44 So.3d 333, 337.

Looking at the statue as a whole, La. C.C.P. art. 970(A) requires that an offer of judgment be in writing, state that it is being made under the article, specify the total amount of money of the settlement offer, and specify whether the amount is inclusive or exclusive of costs, interest, attorney's fees, and any other amount which may be awarded pursuant to statute or rule. Under La. C.C.P. art. 970(C), after the offer of judgment is refused, if the final judgment obtained by the offeree after trial is at least twenty-five percent less than the amount of the offer of judgment made previously, then the offeree must pay the offeror's costs, exclusive of attorney's fees, incurred after the offer was made. Section E of La. C.C.P. art. 970 provides the method of calculating the difference between the offer of judgment and the final judgment. To compare the offer of judgment and the final judgment, the final judgment shall contain any amount obtained as a result of

additur or remittitur, but shall not include any amounts attributable to costs, interest, or attorney's fees, or any other amount which may be awarded pursuant to statute or rule, unless *expressly indicated in the offer*. Thus, the exclusive/inclusive language mandated in La. C.C.P. art. 970(A) is used, per La. C.C.P. art. 970(E), to calculate the amount owed, should the offer of judgment be rejected and the matter goes to trial. *See also*, *Hendrick*, 109 So.3d at 481.

In *Crawford*, the plaintiff filed separate suits that were later consolidated against USAA, his insurer, for accidents that occurred in 1994 and 1995. The plaintiff sought to recover damages under his insurance policy that provided uninsured/underinsured motorist and medical payments coverage. The plaintiff filed a motion for summary judgment on the issues of liability and insurance coverage. The trial court granted the plaintiff's motion for summary judgment on liability for the 1994 accident, but not for the 1995 accident, and found the plaintiff established coverage for each accident, subject to credits already paid by USAA. Subsequently, the parties filed a joint stipulation into the record, which included that the plaintiff would be entitled to a 5 percent penalty and a 20 percent attorney's fee award on any damage awarded and also provided for how post-verdict calculations would be performed, including the application of the credits. *Id*. at 669. USAA then made an offer of judgment pursuant to La. C.C.P. art. 970 for $250,000 "exclusive of all costs, interest, attorney's fees, and any other amount which may be awarded pursuant to statute, rule, or stipulation." The plaintiff accepted; however, the parties subsequently disagreed regarding the terms of the settlement, specifically regarding the application of the previous credits. Cross motions for judgment were filed. In its motion, USAA argued for the application of the prior stipulation concerning the deduction of past credits which would reduce the amount owed by USAA under the offer of judgment. *Id*. at 670. The

trial court granted USAA's motion, gave USAA a credit for the sums already paid, and awarded penalties and attorney's fees. *Id.* at 670-671.

On appeal, the First Circuit reversed. Pertinent to plaintiffs' argument in this case, the First Circuit discussed that "exclusive of all costs, interest, attorney's fees, and any other amount which may be awarded" in the offer of judgment means that costs, interest, attorney's fees, and any other amount that may be awarded will be over and above the total amount of the settlement offer of $250,000. *Id.* at 672 (citing *Nichols v. Alonzo*, 575 So.2d 403 (La. App. 4th Cir. 1991), *writ denied*, 577 So.2d 3 (La. 1991)).

The court then found, after considering correspondence between the parties following the plaintiff's acceptance of the offer of judgment, that in light of surrounding events and circumstances, USAA was not entitled to reduce the total amount of money of the settlement offer by the previously determined credits. USAA was ordered to pay $250,000, plus penalties, attorney's fees, legal interest, and costs. *Id.* at 673-674.

Considering our previous discussion of La. C.C.P. art. 970, specifically that the exclusive/inclusive language mandated in La. C.C.P. art. 970(A) is used per La. C.C.P. art 970 (E) to calculate the amount owed should the offer of judgment be rejected, we are not persuaded by plaintiffs' reliance on *Crawford's* discussion that the "exclusive of" language of a La. C.C.P. art. 970 offer of judgment *must* mean that costs, interest, attorney's fees, or any other amounts allowed by statute or rule will be awarded over and above the settlement offer.

In the present case, Tile Redi argues that by the express language of the offer, the offer of judgment was to settle all claims for $25,000.00 only, and thus it would not owe awards for costs, attorney's fees, and interest. In support, Tile Redi provided its email sent to counsel for plaintiffs prior to the filing of their Motion for Judgment on the Offer of Judgment in which it clarified that the offer of

judgment was for "$25,000 and no more," that the offer would be extended till the next day and then withdrawn, and that Tile Redi was ready to try the case. In opposition, plaintiffs failed to put forth any argument or evidence that the offer of judgment did not preclude the award of costs, interests, attorney's fees, or any other amount that may be awarded by statute or rule.

Plaintiffs also contend that Tile Redi failed to demonstrate that plaintiffs were not entitled to recover costs, attorney's fees, and interest because there has been no finding or admission of liability. Plaintiffs argue that Tile Redi erroneously argued that *Hendrick* was directly on point and misstated the case's holding.

In *Hendrick*, *supra*, the plaintiffs filed suit under the New Home Warranty Act. *Id.*, 109 So.3d at 477. Subsequently, the plaintiffs accepted an offer of judgment pursuant to La. C.C.P. art. 970, which stated in part: "In accordance with Louisiana Code of Civil Procedure Article 970, my client, Neff Construction, Inc., is making an offer of judgment to your clients in the total amount of $125,000.00, exclusive of costs, interest and attorney's fees." A dispute arose in which the plaintiffs argued that they were entitled to attorney's fees, costs, and interest under the New Home Warranty Act. *Id.* at 478. On appeal, the Second Circuit considered the relevant parts of the New Home Warranty Act, La. R.S. 9:3149 (A), which states in part, "If a builder violates this Chapter by failing to perform as required by the warranties provided in this Chapter, any affected owner shall have a cause of action against the builder for actual damages, including attorney's fees and court costs, arising out of the violation." Based on the statute, the court found that in order for the plaintiffs to be entitled to attorney's fees and costs under the New Home Warranty Act, the judgment entered in the case pursuant to La. C.C.P. art. 970 must constitute a finding that the defendant violated the act, resulting in liability on the defendant's part. The court found that the offer of judgment and

the judgment entered after the offer of judgment was accepted did not result in a finding of liability on the part of the defendant. Thus, the court found the plaintiffs were not entitled to recover attorney's fees and costs under the statute. *Id*. at 483.

In the present case, plaintiffs filed an action in redhibition. Louisiana Code of Civil Procedure art. 2545 provides:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Upon review, we find, like the court did in *Hendrick*, that in order for plaintiffs to be entitled to attorney's fees pursuant to La. C.C.P. art. 2545, then the judgment entered here under La. C.C.P. art. 970 must constitute a finding that Tile Redi is liable. However, the offer of judgment in this present case clearly states that it is "without any admission of liability." Further, "the jurisprudence of this state holds that the entry of a judgment on an offer of judgment under La. C.C.P. art. 970 incorporates the relevant portion of the statute 'without any admission of liability'." *Hendrick*, 109 So.3d at 483, citing *Hamilton v. Louisiana Casino Cruises, Inc.*, 99-1147 (La. App. 1st Cir. 6/10/00), 828 So.2d 1, *writ denied*, 00-2373 (La. 11/17/00), 774 So.2d 973.

Additionally, we find no merit to plaintiffs' argument that the holding in *Dauterive*, *supra*, was a liability determination and thus is law of the case. In *Dauterive*, Tile Redi filed a peremptory exception of prescription arguing that because it was not the manufacturer of the shower pan, plaintiffs' action was prescribed pursuant to La. C.C.P. art. 2534(A)(1). Plaintiffs argued in response that La. C.C.P. art. 2534(A)(1) did not control. They argued that their action was not prescribed on the face of the petition because they had alleged that Tile Redi

20-CA-96                                    10

was the seller and the manufacturer of the shower pan and was deemed to know of the redhibitory defects pursuant to La. C.C.P. art. 2545. Thus, La. C.C. P. art. 2534(B) controlled. After a hearing, in which neither party introduced evidence, the trial court sustained the exception of prescription. *Dauterive*, 246 So.3d at 804. On appeal, this Court reversed. Under the law, when prescription is raised by peremptory exception, and evidence is not introduced at the hearing on the exception, then the exception of prescription must be decided on the facts as alleged in the petition with all allegations therein accepted as true. *Id*. at 804-805 citing *Tenorio v. Exxon Mobil Corp*., 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 273, *writ denied*, 15-1145 (La. 9/18/15), 178 So.3d 149. After noting that neither party presented evidence at the hearing, this Court stated, "accepting as true the facts as alleged in the petition, Tile Redi was both the seller and manufacturer of the shower pan and plaintiffs' action is governed by La. C.C.P. art. 2534(B)." This Court then found that under La. C.C.P. art. 2534(B) plaintiffs' action was not prescribed and concluded that the trial court erred in concluding otherwise. *Id*. at 805. Accordingly, this Court did not make a liability determination, but instead, for the purpose of ruling on an exception of prescription, applied the law by accepting the allegations in the petition as true to find that plaintiffs' action was not prescribed.

Accordingly, upon *de novo* review, we find that there is no genuine issue as to material fact and that Tile Redi is entitled to judgment as a matter of law. Tile Redi has met its burden of proof in showing that the offer of judgment excluded an award of attorney's fees, costs, judicial interest, or any other amounts allowed by statute or rule. Further, because there has been no determination of liability, attorney's fees cannot be recovered under La. C.C. art. 2545. Plaintiffs have failed to produce any support that Tile Redi is not entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment which granted Tile Redi's partial motion for summary judgment to the effect that plaintiffs shall not be entitled to recover attorney's fees, costs, and judicial interest, and which dismissed the matter in its entirety with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-96

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
STEPHEN J. CAIRE (APPELLANT)      JACK E. TRUITT (APPELLEE)      LOU ANNE MILLIMAN (APPELLEE)
MICHELLE MAYNE DAVIS (APPELLEE)

**MAILED**
JONATHAN M. LEE (APPELLEE)
LAUREN A. DUNCAN (APPELLEE)
NANCY N. BUTCHER (APPELLEE)
ATTORNEYS AT LAW
149 NORTH NEW HAMPSHIRE STREET
COVINGTON, LA 70433